Glenn Hubbard **HURST** and **Employers Casualty Company, Intervener, Appellants,**

v.

**GULF OIL CORPORATION,** Appellee.

No. 16496.

United States Court of Appeals Fifth Circuit.

Jan. 24, 1958.

John J. Watts, Odessa, Tex., for appellants.

William L. Kerr, Max N. Osborn, Midland, Tex., for Gulf Oil Corp., Turpin, Kerr & Smith, Midland, Tex., of counsel.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

This case and the Sword case [1] were heard successively (though in reverse order) in the district court and in this Court; and, under the facts and circumstances of the particular case, present the same question for decision, viz.: whether a jury could properly hold the employer of an independent contractor liable for injury to an employee of that contractor.

In this case also, Gulf was the owner of an oil and gas lease covering "flat, bald prairie." It contracted with Southeastern Drilling Company for the drilling and completion of a well for oil and gas. The contract was on the same printed form as that referred to in the Sword case, supra, and some pertinent provisions of which were quoted in footnote 1 to the opinion in that case. A further provision may be noted in the margin.[2] The contract further provided that the contractor was to furnish the "swabbing equipment, including swabbing unit, swabbing line and swab."

The well had been drilled to its required depth of 9,600 feet, and was being swabbed in an effort to bring about the production of gas or oil. The contractor first employed a separate swabbing contractor to do the swabbing work, but took over the work itself when it became evident that it might have to continue for an indefinite period of time. The swabbing operation by the contractor had been going on for about eight days when the swabbing line broke. At the time of the break, the contractor's employee, Hurst, at the direction of his driller, was spooling the swabbing line. The unit was pulling on the swab which was about 9,400 feet in the hole. It had pulled it "approximately four or five hundred foot of stretch before the line broke." A part of the line struck Mr. Hurst and he was severly injured.

1. Sword v. Gulf Oil Corporation, 251 F.2d 829.

2. "13. Completion Test:
 "Contractor agrees, when making a completion test of this well, to run tubing and to swab the well at the request of Gulf for a length of time sufficient to make certain that the hole is free of drill mud or drilling water or both. Regardless of depth Contractor shall continue the work of swabbing or other work or hold Contractor's rig while pumping or flowing tests are being made, for such length of time as Gulf may deem it necessary for the completion of the well in accordance with its wishes; or, if requested by Gulf to do so, Contractor shall plug and abandon the well. The time required for the performance of all work referred to in this paragraph shall be paid for by Gulf at the applicable day rate set out below."

Negligence on the part of Gulf was charged: in failing to provide a safe place to work, in failing to provide proper supervision of the work; in permitting the contractor to use a defective swabbing line, a drum which was too small, a sheave which was too small, a groove in the sheave which was too large, or to hang the sheave improperly, or otherwise negligently to install the apparatus. No Gulf equipment was involved. No Gulf representative had attempted to direct the performance of the work. No Gulf employee was present when Hurst was injured.

Glenn Stach, Gulf's drilling foreman, was its representative at this well. He knew that the swabbing line, which was new, had developed a kink and that that had been corrected by splicing the line. The line did not break in the splice or anywhere near it, and the splicing of the line had nothing to do with the accident. If Stach, as Gulf's representative, had been charged with any duty of supervision owed to the contractor's employees, he might have discovered that the drum was too small, the sheave too small, the groove in the sheave too large, and the apparatus improperly installed, —all tending to cause unnecessary bending and fatigue of the ⅝ inch steel swabbing line and probably resulting in its finally breaking; or, if he had not been absent from the well at the time, he might have seen that Hurst, an eighteen year old employee of the contractor, was working in a dangerous place. Actually, neither Gulf, nor its representative Stach, undertook to supervise or control the method of work or the direction of the contractor's employees.

At the conclusion of the evidence, the district court formally denied Gulf's motion for a directed verdict. It submitted the case to the jury under instructions, however, which, when followed by the jury, precluded a verdict for the plaintiff. For example, the court charged the jury, "If you find from a preponderance of the evidence that Gulf Oil Corporation did nothing with reference to the selection or direction of use of the wire line which broke, then your verdict will be for the defendant." The undisputed evidence was that Gulf had not done anything with reference to the selection or direction of use of that wire line. There were other instructions which made a verdict for the plaintiffs practically impossible. After the jury had returned its verdict for the defendant, the district court entered judgment not only on that verdict, but also forthrightly on Gulf's motion for judgment based upon the reasons and grounds which had been stated in its motion for a directed verdict.[3]

It is not necessary to repeat what has just been said in the Sword case footnote 1, supra, further than to restate two of the rulings reached in that opinion: (1) In the absence of any actual control of the operation, or of any reserved right of control more than that deemed necessary to secure the satisfactory completion of the work, an employer of an independent contractor owes no duty to the contractor's employees to inspect or to supervise the installation or operation of the machinery furnished by the contractor. (2) In Texas, the rule that an employer of an independent contractor is liable to third persons for negligence of the contractor in the performance of work inherently dangerous does not extend to employees of the independent contractor.

Under the evidence in this case, the jury could not properly hold the employer of the independent contractor liable for injury to the employee of that contractor. The judgment is therefore

Affirmed.

3. As in the Sword case, the appellants here do not complain of the court's failure to reserve its decision on the motion for directed verdict as suggested in Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A. See Slocum v. New York Life Ins. Co., 1913, 228 U.S. 364, 381, 33 S.Ct. 523, 57 L.Ed. 879, commented on in 2 Moore's Federal Practice, 2nd ed., Paragraph 2.04, pp. 326, 327, and 5 Id., Paragraphs 50.01(8), 50.07, and 50.-10.