Pete BLACK, Appellant,

v.

SINCLAIR OIL & GAS COMPANY, Appellee.

No. 18814.

United States Court of Appeals Fifth Circuit.

Sept. 27, 1961.

John J. Watts, Odessa, Tex., for appellant.

Newton Gresham, Houston, Tex., W. B. Browder, Jr., Midland, Tex., for appellee.

Before TUTTLE, Chief Judge, and CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

Appellant Pete Black appeals from a judgment entered upon instructed verdict in favor of appellee Sinclair Oil & Gas Company.[1] Black was an experienced oil driller and was an employee of Lee Brown Drilling Company, an independent contractor, who was engaged in drilling and bringing in a well for Sinclair. As Brown's employee, he was engaged in, and at the time was in charge of, swabbing a well over the top and down into a tank belonging to Sinclair when the riser on the test tank came up and appellant climbed to the top of the tank and put the riser down. He then proceeded to another point on the top of the tank to gauge it and while so doing, slipped and fell to the ground and was injured. He charged that Sinclair, the owner of the tank, was negligent in a number of particulars hereinafter set out.[2]

We agree with the court below that, under the contract in effect between Sinclair and Brown and the law of independent contractors as recognized in Texas, the evidence established no actionable negligence against Sinclair, the owner of the property, and that the court correctly entered the judgment appealed from in its favor. What Judge Hutcheson said in opening his specially concurring opinion in this Court's decision of Gulf Oil Corp. v. Wright et al., 5 Cir., 1956, 236 F.2d 46, 55, is applicable here.[3]

1. Sinclair's motion concluded:

"Wherefore, for the reasons stated in its Motion for Instructed Verdict made at the close of all of the evidence and its Motion for Instructed Verdict made at the close of the plaintiff's case and as set out in this motion, this defendant, Sinclair Oil & Gas Company, moves and prays the Court that judgment be rendered and entered in its favor, notwithstanding the fact that the jury was discharged because it was unable to reach agreement as to the verdict which should be returned in the cause."

The final judgment contains this recital:

"After the discharge of the jury, the defendant, Sinclair Oil & Gas Company, in proper time filed its motion for judgment in its favor based upon the grounds of its motion for directed verdict, and . . . based upon the evidence adduced at the trial above referred to;

. . .

"Thereafter, following due notice to all parties concerned, there came on for hearing on August 12, 1960, the above mentioned motions; and the Court having considered the same and heard the argument of counsel announced and held that the above mentioned motions of the defendant, Sinclair Oil & Gas Company . . . were well taken and should be granted, . . . ."

The judgment contained many more recitals taking care of the other parties who are not involved in this appeal, and those recitals have been omitted.

2. Texas Employers' Insurance Association intervened to recover $8,714.34 it alleged (and he stipulated) it had paid Black as workmen's compensation insurance under the laws of Texas; and Sinclair filed a third party complaint against Brown alleging that Brown's contract with it agreed to indemnify it against any loss or damages which might be assessed against Sinclair. The notice of appeal brought before us, however, only the controversy as it was presented between Black and Sinclair. No point is made as to the form of the judgment which the trial court entered.

3. "This is another of the ever increasing confused and confusing suits for damages brought, by a covered and fully compensated employee of an independent contractor, against a compensation carrying employer of the contractor. It was brought on allegations which if proven would, under the principles laid down in the controlling Texas decision, make the decedent, as to the work or a part of it, not an employee of an independent con-

The plaintiff here particularizes the grounds of negligence relied upon.[4] The complaint brings the case clearly within the ambit of several cases decided by this Court in which the facts were very close to those in the record before us. E. g., Cook et al. v. Phillips Petroleum Co., 5 Cir., 1946, 158 F.2d 10; Sword, Houston Fire & Cas. Ins. Co. v. Gulf Oil Corp., 5 Cir., 1958, 251 F.2d 829; Hurst, Employers Cas. Co. v. Gulf Oil Corp., 5 Cir., 1958, 251 F.2d 836; and Gulf Oil Corp. v. Bivins, 5 Cir., 1960, 276 F.2d 753.[5] And cf. McKee, General Contractor v. Patterson, 1941, 153 Tex. 517, 271 S.W.2d 391.

The contract in this case is on a printed form and follows closely, if not precisely, the terms of those discussed in the cases mentioned. The undisputed proof showed that Black was the servant of an independent contractor; that he was an experienced workman in the work being performed; that he had been on top of the tank before and had sent others there, and he knew that it had no guard rail and that it was slippery and was, therefore, dangerous; and that he had completed the adjustment of the riser and was engaged in gauging the tank when he slipped and fell.[6] The large photograph in evidence shows that the top of the tank was nearly level and that there were ten rows of bolts with large nuts affixed, each row having fifteen bolts.

Singularly, the plaintiff devoted a large part of his proof to an attempt to establish that there was a smell of gas at the tank after he had fallen, intending, evidently, to try to get the benefit of the cases discussed by this Court in Gulf Oil Corp. v. Wright, supra. But there was no proof that Black was subjected to any gas or that he was asphyxiated or otherwise debilitated by the presence of gas, if there was any gas present at the time he fell. In fact, he testified in detail to the events attending his fall. Additionally, it is worthy of note that the careful enumeration in his complaint of the facts he relied upon as establishing Sinclair's negligence did not mention gas.

No good purpose would be served by the detailed recital of the facts of this case, because they are clearly no stronger, probably not as strong, in Black's favor as the other cases mentioned. We think that, under the law as developed by the courts of Texas, and as applied by us repeatedly in recent years, the court below was required to direct a verdict in favor of Sinclair. Its action in so doing is

Affirmed.

---

tractor but of the defendant itself, and would, therefore, under the Texas Workmen's Compensation Act, prevent the recovery sought."

4. (a) Sinclair failed to provide plaintiff with a safe place in which to work; (b) failed to warn him that they had not so done; (c) failed to inspect the premises to determine that they did not afford plaintiff a safe place in which to work; (d) failed to provide adequate lighting on top of the tank; (e) failed to provide guard rails on top of the tank; (f) was having the well swabbed over the top and down into the tank; (g) failed to have the well swabbed into the side of the tank; and (h) failed to provide means to prevent the oil from spreading over the top of the tank.

5. All of these cases, except one, were brought by the same attorney as the one representing plaintiff-appellant here.

6. "I did not say that the guard rail would have kept me from falling because when I fell I was gauging the tank. I had already put the riser back in there and I was gauging the tank."