**Rhelda KULL et al., Plaintiffs-Appellants,**

v.

**MID-AMERICA PIPELINE CO., and Chevron Oil Co., et al., Defendants-Appellees.**

No. 72-2672.

United States Court of Appeals, Fifth Circuit.

March 29, 1973.

Bob Hoblit, Odessa, Tex., for plaintiffs-appellants.

John E. Gunter, Midland, Tex., (rep. Mid-America) Perry Davis, Jr., Odessa, Tex., for defendants-appellees.

Before BELL, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

In this Texas diversity case, two employees of the independent contractor hired by Chevron Oil Co. to excavate for a new pipeline were killed when the digging machine operated by them struck and exploded an underground pipeline carrying flammable gas. Their widows brought this survival action against Chevron, among others, alleging that Chevron had failed to provide the men a safe place to work, had failed to provide their employer with information about existing pipelines buried along the right-of-way of the proposed line, and had failed to make a proper investigation to determine the location of existing lines. The District Court granted summary judgment for Chevron and sanctioned this appeal by making the requisite certification under Rule 54(b), F.R.Civ.P.

We agree with the District Court that, on the uncontradicted facts, Chevron is not liable for the injuries to these two workers employed by its independent contractor.

As to the status of the independent contractor, the Contract, designating Chevron as "Company" and the independent contractor as "Contractor," provides:

202. *Contractor's Status*—Contractor shall perform the work as an *independent contractor* (controlling all ways and means incident to the proper performance and completion of the work) and not as an employee of the Company *(which shall have no right to control the methods of operation).* (Emphasis added)

As to existing lines along the proposed right-of-way, the Contract provides:

503. *Existing Lines*—Contractor shall locate and stake the position of the existing lines at such intervals as circumstances may require and to the satisfaction of Company to insure that proper care is exercised so that no damage is incurred to the existing line. Contractor shall not operate equipment over existing pipelines when ground is soft and wet or otherwise incapable of supporting equipment without damaging the pipeline. The existing lines on the surface shall be lowered and cov-·ered with sufficient soil that equipment may pass over them without damaging the pipe. In case Contractor damages or breaks any of the existing pipelines or facilities, Contractor shall be liable for all damages or losses, including product losses, and shall fully indemnify and hold Company harmless from any attendant personal injury or property damage claims. Although Company shall provide Contractor with such information as Company has available as to location of existing pipelines and facilities not otherwise apparent, nevertheless, *Contractor shall be solely responsible for locating them before ditching or doing other work, notwithstanding the fact that Company furnishes or fails to furnish such information accurately.* (Emphasis added)

The uncontradicted testimony of the foreman of the independent contractor showed that it undertook sole responsibility to locate underground pipelines.

He testified that he knew of a sign in the area indicating the pipeline struck by the digging machine. There is no evidence that Chevron withheld any information in its possession.

 Contrary to appellants' argument, under Texas law Chevron owed no duty to the contractor's employees to locate existing pipelines, having no actual control of the operation and having reserved no right of control more than that deemed necessary to secure satisfactory completion of the work. Texaco, Inc. v. Roscoe, 290 F.2d 389 (5th Cir. 1961); Hurst v. Gulf Oil Corp., 251 F.2d 836 (5th Cir.), cert. denied, 358 U.S. 827, 79 S.Ct. 44, 3 L.Ed.2d 66 (1958); Sword v. Gulf Oil Corp., 251 F.2d 829 (5th Cir.), cert. denied, 358 U.S. 824, 79 S.Ct. 41, 3 L.Ed.2d 65 (1958).

Affirmed.