Glen KING, Appellant,

v.

SHELBY RURAL ELECTRIC COOPERATIVE CORPORATION, Appellee.

Court of Appeals of Kentucky.

Nov. 9, 1973.

Rehearing Denied Jan. 18, 1974.

R. J. Turley, Turley, Tackett, Savage & Moore, Lexington, Wilhoit & Wilhoit, Grayson, for appellant.

Stoll, Keenon & Park, Lexington, Saunders, Mitchell & Mathis, Shelbyville, for appellee.

VANCE, Commissioner.

This is an appeal from a summary judgment dismissing appellant's claim. It involves the tort liability of Shelby Rural Electric Cooperative Corporation, hereinafter referred to as Shelby, to an employee of its independent contractor, Electricom, Inc.

Shelby owns and operates an electric transmission system. In the operation of its business it became necessary for it to convert a single-phase transmission line to a three-phase line. As this was a major undertaking, Shelby employed Electricom, an independent contractor, rather than use its own employees to do the work.

Electricom was an experienced contractor in the construction of electric and telephone utility lines and Shelby had previously utilized its services. No suggestion is made that Shelby was negligent by reason of its selection of Electricom as the independent contractor to do the work.

Appellant, an employee of Electricom, was severely burned while working on an energized line.[1] He instituted this action seeking recovery against Shelby on three grounds:

1. Shelby was liable for the negligence of its independent contractor;

2. Shelby was liable because of its own negligence resulting in injury to appellant;

3. Shelby violated certain contractual duties owed to appellant.

Shelby admitted that Electricom was negligent because of its failure to observe certain safety precautions and because of its failure to furnish appellant adequate training and suitable safety equipment. Shelby contended the accident resulted from the sole negligence of Electricom or from the negligence of Electricom and the contributory negligence of the appellant.

There is no dispute as to the facts. The real question is whether Shelby is shielded from liability by reason of the employer-independent contractor relationship.

We can begin with the general rule that an employer is not liable for physical harm caused to another by the act or omission of an independent contractor. Simmons v. Clark Construction Company, Ky., 426 S. W.2d 930 (1968); Jennings v. Vincent's Adm'x, 284 Ky. 614, 145 S.W.2d 537 (1940); 57 C.J.S. Master and Servant § 584; Restatement, Torts 2d, Sec. 409.

As noted in the Restatement, the general rule has been a jumping-off place for a number of exceptions, some of which appellant contends are applicable to the facts of this case.

■ One of the recognized exceptions to the general rule arises from those situations involving work of an inherently dangerous nature. This exception appears to have as its basis the principle that an owner should not be permitted to shield himself from liability for injuries arising out of work that is inherently dangerous by the simple expedient of entrusting that work to an independent contractor. Kentucky Stone Company v. Gaddie, Ky., 396 S.W.2d 337 (1965).

Appellant contends that work upon high tension transmission lines is inherently dangerous and comes within the exception to the general rule.

The Restatement of the Law, Torts 2d, deals with the questions presented on this

[1]. Appellant and Electricom were covered by the provisions of the Workmen's Compensation Act and appellant was paid benefits thereunder.

appeal in Sections 413, 414, 416, and 427. Those sections read as follows:

§ 413. Duty to Provide for Taking of Precautions Against Dangers Involved in Work Entrusted to Contractor.

"One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer

(a) fails to provide in the contract that the contractor shall take such precautions, or

(b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions."

§ 414. Negligence in Exercising Control Retained by Employer.

"One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care."

§ 416. Work Dangerous in Absence of Special Precautions.

"One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise."

§ 427. Negligence as to Danger Inherent in the Work.

"One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger."

Although the decisions of this court appear to have recognized the liability of the employer of an independent contractor to third persons injured by the negligence of the contractor in the performance of work of an inherently dangerous nature, it has never been determined whether the liability in such cases extends to the employees of the independent contractor. Jennings v. Vincent's Adm'x, supra, and Simmons v. Clark Construction Company, supra, involved claims by the employee of an independent contractor against the contractee. In both cases the language seemed to indicate that liability of the contractee extends to the employees of an independent contractor, but neither case actually so held because both cases were dismissed upon the basis that the work involved was not of an inherently dangerous nature.

The authorities in other jurisdictions have split upon the question. California, Michigan, and Tennessee have held that an employee of an independent contractor is within the class of persons protected. McDonald v. City of Oakland, 255 C.A.2d 816, 63 Cal.Rptr. 593 (1967); Van Arsdale v. Hollinger, 68 Cal.2d 245, 66 Cal.Rptr. 20, 437 P.2d 508 (1968); Vannoy v. City of Warren, 15 Mich.App. 158, 166 N.W.2d 486, and Pierce v. United States, 142 F. Supp. 721 (6 Cir. 1955).

Appellant cites Associated Engineers, Inc. v. Job, 370 F.2d 633 (8 Cir. 1966), as authority that South Dakota follows a similar view. In *Job* the employer admitted

negligence and consequently the question of whether the employer's duty to third persons extended to the employees of an independent contractor was not litigated.

Arizona, Florida, New Mexico, Pennsylvania, Texas, Washington and Wisconsin have adopted the contrary view. Welker v. Kennecott Copper Company, Ariz., 403 P.2d 330 (1965); Florida Power and Light Co. v. Price, 170 So.2d 293 (Fla.1964); Parsons v. Amerada Hess Corporation, 422 F.2d 610 (10 Cir. 1970); Hader v. Coplay Cement Mfg. Co., 410 Pa. 139, 189 A.2d 271 (1963); Humble Oil & Refining Co. v. Bell, Tex.Civ.App., 180 S.W.2d 970; Hurst v. Gulf Oil Corporation, 251 F.2d 836 (5 Cir. 1958); Humphreys v. Texas Power and Light Company, Tex.Civ.App., 427 S.W.2d 324 (1968); Epperly v. City of Seattle, 65 Wash.2d 777, 399 P.2d 591 (1965); and Potter v. City of Kenosha, 268 Wis. 361, 68 N.W.2d 4 (1955).

Nothing in the discussions of Sections 413, 414, 416 and 427 of the Restatement, Torts 2d, indicates that an employee of an independent contractor is within the class of "others" protected by those sections. All of the illustrations set out in the Restatement refer to liability of the employer of an independent contractor to third parties other than employees of the independent contractor.

Tentative Draft # 7 of the Restatement, Torts 2d, contained a special note to Chapter 15 which dealt with liability of employers for the conduct of independent contractors which contained the following language:

"The other class of plaintiffs not included in this Chapter consists of the employees of the independent contractor. As the common law developed, the defendant who hired the contractor was under no obligation to the servants of the contractor, and it was the contractor who was responsible for their safety. The one exception which developed was that the servants of the contractor doing work upon the defendant's land were treated as invitees of the defendant, to whom he owed a duty of reasonable care to see that the premises were safe. This is still true. See § 343. In other respects, however, it is still largely true that the defendant has no responsibility to the contractor's servants. One reason why such responsibility has not developed has been that the workman's recovery is now, with relatively few exceptions, regulated by workmen's compensation acts, the theory of which is that the insurance out of which the compensation is to be paid is to be carried by the workman's own employer, and of course premiums are to be calculated on that basis. While workmen's compensation acts not infrequently provide for third-party liability, it has not been regarded as necessary to impose such liability upon one who hires the contractor, since it is to be expected that the cost of the workmen's compensation insurance will be included by the contractor in his contract price for the work, and so will in any case ultimately be borne by the defendant who hires him.

"Again, when the Sections in this Chapter speak of liability to 'another' or 'others,' or to 'third persons,' it is to be understood that the employees of the contractor, as well as those of the defendant himself, are not included."

Although this language is not contained in the Restatement as finally adopted, we think it is persuasive.

■ We align ourselves with those jurisdictions which hold that an employer's responsibility for the negligence of his independent contractor engaged in the performance of work known to be inherently dangerous and the so-called nondelegable duties arising out of such work do not extend to the employees of the independent contractor.

We choose this course for two reasons:

1. The principal reason for the development of the doctrine of liability of

an employer of an independent contractor engaged in inherently dangerous work is to prevent the employer from escaping liability to others or shifting that liability to an independent contractor. In the case of industrial accidents, the vast majority are covered by Workmen's Compensation laws and to that extent the employer of the independent contractor does not escape or shift liability since the employer, in effect, pays the premium for Workmen's Compensation coverage.

2. There does not seem to be any valid reason why an employer of an independent contractor for the performance of specific work should be subjected to a greater liability than he would have if he had utilized his own employees on that particular work.

The contention that Shelby was liable for the negligence of its independent contractor for its failure to exercise safety precautions and the contention that Shelby was negligent itself for its failure to supervise and require the independent contractor to comply with standard safety procedures are grounded upon the same premise, namely, that when the work to be performed is of an inherently dangerous nature, the employer of an independent contractor has a nondelegable duty to see to it that reasonable precaution is taken for the safety of others.

The doctrine of respondeat superior is imposed upon the employer-independent contractor relationship when the independent contractor fails to take reasonable safety precautions and the employer is held to a nondelegable duty to take the safety precautions himself if his independent contractor does not and failure to do so renders him negligent in his own right.

Although there are strong social reasons why the employer of an independent contractor should be responsible to third parties negligently injured in the performance of work of an inherently dangerous nature, the reasons to extend this protection to the employees of an independent contractor are not so compelling.

Industrial workers are usually protected by Workmen's Compensation laws under which they may recover of their employer for injuries arising out of their work. This recovery may be had although the injury was brought about by the employee's carelessness and absent any negligence on the part of the employer. The price of this social legislation is that when the employee accepts the benefits he releases the employer from tort liability for negligence.

In the case at bar the appellant was protected by and collected Workmen's Compensation from his employer, Electricom. The premiums for the Workmen's Compensation insurance carried by Electricom were undoubtedly a factor in the determination of the contract price between Electricom and Shelby, so that ultimately Shelby paid the premiums.

We can see no reason why appellant, simply because he was an employee of an independent contractor, should be placed in a better position than if he had been an employee of Shelby, in which case his recovery would be limited without question to the benefits provided by the Workmen's Compensation Act. Conversely, we see no valid reason why Shelby should be subjected to more liability simply because it engaged the services of a qualified independent contractor. Employers frequently farm out work which requires some special skill to an independent contractor skilled in that particular work. The imposition of additional tort liability upon the employer because of the selection of an independent contractor would have a tendency to discourage the practice of selecting skilled independent contractors and cause employers to do the work with their own, sometimes less skilled, work force.

Appellant contends that Shelby retained by contract the right to control the details and manner of performance of the con-

tract, including the right to require safety precautions for the benefit of appellant. The evidence in the case on behalf of Shelby indicated that it did not exercise any control whatever over the work involved and did not consider itself to have the right or the duty to do so.

It is not clear to us that Shelby retained controls beyond those necessary to insure satisfactory progress of the work and an acceptable result. The contract was not introduced into evidence and our only suggestion as to its contents comes from a purported copy of the contract which was attached as an exhibit to a memorandum filed in the trial court by appellant's counsel.

We think the degree of control retained by Shelby has a more important bearing upon whether the relationship between Shelby and Electricom was that of independent contractor-employer or master-servant than it has in determining the extent of Shelby's duty as an employer to the employees of its independent contractor.

One reason for the development of the rule of non-liability of an employer for the negligence of his independent contractor was the unfairness of imposing liability upon an employer who had no means of imposing any control over the work. The right to control is one of the important tests used to distinguish between the master-servant and the employer-independent contractor relationships.

A servant is one who works under his master's direction and control whereas an independent contractor is engaged to do certain work, but to exercise his own discretion as to the mode and manner of doing it. If the one hired to do the work is subject to the control of the employer as to the means, or as to the mode, manner and details of the performance of the work, he is a servant and not an independent contractor; but, if he is subject to the control or direction of the employer only as to the result to be obtained, and is free to follow his own judgment and discretion as to the mode, manner and details of the performance of the work, he is an independent contractor and not a servant. 56 C.J.S. Master and Servant § 3(3).

Thus, if Shelby reserved sufficient control in its contract to control the mode, manner and method of the performance of the work, Electricom was its employee rather than its independent contractor and as such the employees of Electricom became the employees of Shelby and could not maintain a common law action for injuries arising out of their employment. Mahan v. Litton, Ky., 321 S.W.2d 243 (1959). If Shelby retained only the control necessary to achieve the desired result, then the relationship was that of employee-independent contractor and for the reasons stated elsewhere in this opinion the liability of Shelby for the negligence of the independent contractor does not extend to the employees of the independent contractor.

This case was practiced as an independent contractor case and in at least five instances the main subdivisions in appellant's brief relate to the duties of an employer to the employees of an independent contractor.

We think there was no genuine issue as to a material fact and that Shelby was entitled to judgment as a matter of law.

The judgment is affirmed.

All concur.