Thelma Mae CASKEY, Individually,
et al., Appellants,

v.

HAMMONDS CONSTRUCTION, INC.,
et al., Appellees.

Supreme Court of Kentucky.

Jan. 23, 1976.

Rehearing Denied June 11, 1976.

D. Fredrick Saunders, Brooks, Sullivan & Saunders, Lexington, for appellants.

Mann & Turner, Salyersville, Harris S. Howard, Prestonsburg, Thomas S. Miller, Jackson, for appellees.

PER CURIAM.

Thelma Mae Caskey, individually, and as administratrix of the estate of Darrell Gene Caskey, and their children, Judy Lynn Caskey and Janice Caskey, appeal from a judgment of the Magoffin Circuit Court dismissing their complaint against Hammonds Construction, Inc., Billy C. Hammonds, and Licking Valley Rural Electric Cooperative Corporation, seeking to recover damages arising out of the death of Darrell Gene Caskey.

Licking Valley was the owner of certain electric transmission lines used in its business of the sale and distribution of electric current to patrons of the company. Hammonds Corporation, Inc., acting by and through its owner, Billy C. Hammonds, contracted with Licking Valley to remove certain de-energized electric lines. Darrel Gene Caskey, while employed by Hammonds, and while in the process of removing a designated line, came in contact with one that was energized and was immediately electrocuted. Thelma Mae Caskey filed this action against Hammonds, the corporation, and Hammonds, the individual, and Licking Valley seeking to recover damages due by reason of the death of her husband.

█ Neither Hammonds Construction, Inc., nor Billy C. Hammonds had elected coverage under the Workmen's Compensation Act, and at the time of the death of Caskey, on November 20, 1972, there was no workmen's compensation coverage from which he could benefit. While it is true that at the time of his death the 1972 General Assembly had created the Uninsured Employers Fund, it did not become operative until January 1, 1973, and, consequently, the estate of Darrell Gene Caskey was not entitled to workmen's compensation relief on this count.

Thelma Mae Caskey's complaint alleged numerous acts of negligence committed by Hammonds Construction, Inc., Billy C. Hammonds, and Licking Valley, some of which involved acts allegedly committed by Licking Valley that directly affected the status and well being of Darrell Gene Caskey.

Hammonds Construction, Inc., and Billy Hammonds filed a motion to dismiss the complaint upon the ground that it failed to state a cause of action because the remedy available to Thelma Mae Caskey was exclusively within the purview of the Workmen's Compensation Act.

Licking Valley filed a separate motion to dismiss upon the ground that the complaint did not state a claim upon which relief could be granted. Licking Valley relied upon the opinion of this court in *King v. Shelby Rural Electric Cooperative Corporation*, Ky., 502 S.W.2d 659 (1974).

Subsequent to the filing of a memorandum of authorities and the hearing of arguments, the trial court sustained both motions and dismissed the complaint.

The motion of Hammonds Construction, Inc., and Billy C. Hammonds should not have been sustained. It is admitted that Hammonds had not elected to operate under the Workmen's Compensation Act and that at the time of his death Darrell Gene Caskey was not covered by the Workmen's Compensation Act. Under the statute providing workmen's compensation coverage, the proper forum in which Thelma Mae Caskey, his widow, and their children should have filed their claim was the circuit court. Consequently, it was error on the part of the court to dismiss the action without a trial.

Licking Valley's reliance upon King requires consideration of our opinion in that case. Therein, this court stated "that an employer's responsibility for the negligence of his independent contractor engaged in the performance of work known to be inherently dangerous and the so-called non-delegable duties arising out of such work do not extend to the employees of the independent contractor." The opinion does not hold that an employee of an independent contractor may not recover from the owner in those instances where the negligence of the owner causes the injury or death of the employee of the independent contractor.

The complaint alleges that the death of Caskey was caused by the negligence of Licking Valley. Appellants may be able to prove some negligence of Licking Valley apart from a violation of the so-called non-delegable duties which inhere in inherently dangerous situations. For that reason the complaint against Licking Valley should not have been dismissed upon motion.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.