**PUBLIC SERVICE COMMISSION,**
Appellant,

v.

**JACKSON COUNTY RURAL ELECTRIC COOPERATIVE, INC.; Jackson Purchase Electric Cooperative Corporation, Inc.; Owen Electric Cooperative, Inc.; and Kentucky Utilities Company, Appellees.**

No. 1998–CA–002609–MR.

Court of Appeals of Kentucky.

July 14, 2000.

As Modified July 21, 2000.

Rehearing Denied Sept. 8, 2000.

Discretionary Review Denied by Supreme Court Aug. 15, 2001.

Gerald E. Wuetcher, Frankfort, William L. Willis, Deborah T. Eversole, Frankfort, for Appellant.

David L. Kelly, Paducah, for Appellee, Jackson Purchase RECC.

James M. Crawford, Carrollton, Robert M. Watt, III, Patricia Kirkwood Burgess, Lexington, for Appellee, Owen Electric Cooperative, Inc.

Mary–Ann Smyth Rush, J. Warren Keller, London, for Appellee, Jackson County Rural Electric Cooperative, Inc.

Roger R. Cowden, Lexington, Amicus Curiae for Appellee, Kentucky Utilities Company.

Before: BARBER, HUDDLESTON and MILLER, Judges.

*OPINION*

BARBER, Judge:

The Public Service Commission appeals from a judgment of Franklin Circuit Court which reversed and set aside PSC orders assessing penalties against three utilities for safety violations by their independent contractors. The circuit court determined that the PSC's orders were based upon an improper application of the law. We disagree, hence we reverse.

The Judgment below provides a concise summary of the essential facts, procedural events and issues underlying this appeal:

This action is a consolidation for review of three Public Service Commission (hereinafter PSC) Orders in which the PSC assessed a civil penalty against an electric utility for alleged failures to maintain its plant and facilities in accordance with the National Electrical Safety Code (hereinafter NESC). At issue is the question whether the PSC can hold a utility responsible for NESC violations by the utility's independent contractors.

This action is brought pursuant to KRS 278.410. By its Orders the PSC has assessed civil penalties against the plaintiff utilities for the alleged failure of their independent contractors to comply with Commission Regulation 807 KAR

5:041, Section 3, which regulation adopts the NESC by reference.

All three cases involve serious injuries (in one case the death of an employee) which resulted from alleged safety violations of the utilities' independent contractors.

The utilities argued that the imposition of these civil penalties by the PSC is unlawful, unjust, unreasonable, arbitrary and unconstitutional. Since the Legislature has not expressly granted this power to the PSC nor have the Courts of this jurisdiction recognized that an employer utility is responsible for insuring that its independent contractors abide by safety regulations which apply to the utilities themselves. (sic)

The utilities argue that the PSC has unconstitutionally attempted to create such a duty when no such duty exists either by contract, by statute, or in the common law.

The PSC argues that the utilities' duty to construct and maintain their facilities in accordance with the NESC is created by Administrative Regulation 807 KAR 5:041 and that duty may not be delegated to an independent contractor.

. . .

The standard for judicial review of a PSC Order is defined at KRS 278.410(1) .... an Order of the PSC can be vacated or set aside only if it is unlawful or unreasonable. An Order is unlawful only if it violates a state or federal statute or constitutional provision. *National Southwire Aluminum Co. v. Big Rivers Elec. Corp.*, Ky., App., 785 S.W.2d 503 (1990). A party challenging a PSC Order has the burden of proof to show by clear and satisfactory evidence that the order is unlawful or unreasonable. KRS 278.430.

. . .

The PSC argues that ... [807 KAR 5:041] applies to independent contractors of the utilities as well as the utilities themselves.

This premise, however, runs counter to the holding of ... *King v. Shelby Rural Electric Cooperative Corp.*, Ky., 502 S.W.2d 659 (1973), *cert. denied*, 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 235 (1974). In *King*, an employee of an independent contractor was badly injured because the contractor had failed to comply with safety standards. The injured employee sued the utility.... The Supreme Court found that the nondelegable duties arising out of inherently dangerous work did not extend to the employees of an independent contractor....

The PSC attempts to avoid the rule of *King* by arguing that the language of the regulation is designed not to protect employees of the independent contractor but to protect the public in general. But this argument finds no support in the facts of the cases at issue herein. The NESC regulations at issue in these instances were clearly designed to protect the safety of employees performing the work. Any other interpretation is implausible. The facts, which are not at issue in these cases, are that employees of the independent contractors failed to wear their rubber gloves when working near energized lines and that the independent contractors failed to enforce safety standards and left the work area. These are protections for the employees, not the public in general. The PSC has no authority to impose a new duty on utilities when that duty has no foundation in law. To do so is an unconstitutional legislative act by the PSC. See

*Henry v. Parrish,* 307 Ky., 559, 211 S.W.2d 418 (1948).

Since the PSC's Orders ... are based upon an improper application of the law, they are unreasonable and must be reversed.

The PSC filed a CR 59.05 motion to vacate, or in the alternative, amend the judgment, contending that the trial court: (1) had failed to consider KRS 278.990(1), which deals with the imposition of penalties; (2) had misapplied the holding of *King;* (3) had made erroneous findings that the NESC rules were not intended to protect the general public; and (4) had failed to address the PSC's counterclaims (to enforce the PSC's orders). By Order entered September 21, 1998, the circuit court denied the PSC's motion to vacate, and amended its judgment to reflect that the PSC's counterclaims were dismissed.

■ The PSC is a creature of statute and has only such powers as granted by the General Assembly. *Boone Co. Water and Sewer District v. PSC,* Ky., 949 S.W.2d 588 (1997). Thus, any issue involving the PSC's authority is necessarily one of statutory analysis. KRS 278.040 gives the PSC exclusive jurisdiction over the regulation of utility rates and service and provides that the PSC shall enforce the provisions of KRS Chapter 278. KRS 278.040(1) and (2). To that end, the statute gives the PSC the authority to adopt regulations to implement the provision of KRS Chapter 278. KRS 278.040(3).

KRS 278.280 provides in pertinent part: (1) Whenever the commission, ... finds that the ... practices, equipment, appliances, facilities or service of any utility subject to its jurisdiction, ... are unjust, unreasonable, unsafe, improper, inadequate or insufficient, the commission shall determine the just, reasonable, safe, proper, adequate or sufficient rules, regulations, practices, ....to be

observed, furnished, constructed, enforced or employed, and shall fix the same by its order, rule or regulation. (2) The commission shall prescribe rules for the performance of any service or the furnishing of any commodity of the character furnished or supplied by the utility....

In the case *sub judice,* the PSC determined that the electric utilities had willfully failed to comply with National Electric Safety Code (NESC) standards in violation of 807 KAR 5:041 § 3, because employees of the independent contractors performing work for the utilities had willfully failed to comply with safety standards. 807 KAR 5:041 provides, in pertinent part:

Section 3. Acceptable Standards. A utility shall construct and maintain its plant and facilities in accordance with good accepted engineering practices. Unless otherwise specified by the commission, the utility shall use applicable provisions in the following publications as standards of accepted good engineering practice for construction and maintenance of plant and facilities, herein incorporated by reference: (1) National Electrical Safety Code; ANSI C–2.1990 Edition,....

The introduction to the NESC states that: "These rules contain the basic provisions that are considered necessary for the safety of employees and the public under the specified conditions."

KRS 278.030(2) provides that "Every utility shall furnish adequate, efficient and reasonable service, and may establish reasonable rules governing the conduct of its business and the conditions under which it shall be required to render service." KRS 278.260(1) authorizes the PSC to investigate any unsafe practices or acts affecting or relating to the service of the utility or any service in connection therewith.

The PSC assessed penalties against the utilities under KRS 278.990(1). That statute provides:

> (1) Any officer, agent, or employee of a utility, as defined in KRS 278.010, **and any other person who willfully violates any of the provisions of this chapter or any regulation promulgated pursuant to this chapter,** or fails to obey any order of the commission from which all rights of appeal have been exhausted, or who procures, aids, or abets a violation by any utility, shall be subject to either a civil penalty to be assessed by the commission not to exceed two thousand five hundred dollars ($2,500) for each offense or a criminal penalty of imprisonment for not more than six (6) months, or both. If any utility willfully violates any of the provisions of this chapter or any regulation promulgated pursuant to this chapter, or does any act therein prohibited, or fails to perform any duty imposed upon it under those sections for which no penalty has been provided by law, or fails to obey any order of the commission from which all rights of appeal have been exhausted, the utility shall be subject to a civil penalty to be assessed by the commission for each offense not less than twenty-five dollars ($25.00) nor more than two thousand five hundred dollars ($2,500). **Each act, omission, or failure by an officer, agent, or other person acting for or employed by a utility and acting within the scope of his employment shall be deemed to be the act, omission, or failure of the utility.** (emphasis added).

The court below determined under *King,* that 807 KAR 5:041 did not apply to independent contractors of the utilities. We do not believe that *King,* controls. There, the Shelby Rural Electric Cooperative (the utility) had engaged an independent contractor, Electricom, to convert a single-phase transmission line to a three-phase line. Glen King, an employee of Electricom, was severely burned while working on an energized line. King brought an action against the utility on grounds that the utility was responsible for Electricom's negligence; that the utility, itself, was negligent; and that the utility had violated certain contractual duties to King.

*King,* was decided in the context of an entirely different statutory scheme—the workers' compensation law—and does not apply to the issue which we have been asked to decide; whether the PSC can assess a penalty against a utility for safety violations by an independent contractor under KRS 278.990(1). We are not dealing with claims brought on behalf of the contractors' employees. Specific provisions of the Workers' Compensation Act limit an employer's liability for work-related injury or death, and treat the general contractor as the employer of the subcontractor's employee. KRS 342.690; KRS 342.700. As stated in *King,* at 663:

> In the case at bar the appellant [Mr. King] was protected by and collected Workmen's Compensation from his employer, Electricom. The premiums for the Workmen's Compensation insurance carried by Electricom were undoubtedly a factor in the determination of the contract price between Electricom and Shelby, so that ultimately Shelby paid the premiums.

> We can see no reason why appellant, simply because he was an employee of an independent contractor, should be placed in a better position than if he had been an employee of Shelby, in which case his recovery would be limited without question to the benefits provided by the Workmen's Compensation Act.

■ The exclusive remedy provisions of the Workers' Compensation Act have no application to the issue on appeal. In the case *sub judice*, there is a specific statutory provision—KRS 278.990(1)—which gives the PSC authority to impose a penalty for willful violation of any regulation promulgated pursuant to KRS Chapter 278.[1] The statute applies to officers, agents or employees of utilities, **"and any other person"** who has committed such a willful violation. KRS 278.990(1) (emphasis added). The statute also subjects the utility to imposition of a penalty, where a person acting for it and in the scope of his employment commits a willful violation. The lower court did not address KRS 278.990(1) in its Judgment or in the Order denying the PSC's CR 59.05 motion.

■ In the underlying proceedings before the PSC, the following findings were made regarding T.L. Riley. T.L. Riley had a contract with Jackson Purchase Electric Cooperative; James Fox, an employee of T.L. Riley, came into contact with a 7200 volt energized jumper and suffered burns to his head and hands while working on Jackson Purchase facilities in the scope of his employment and in the scope of the contract between T.L. Riley and Jackson Purchase; and at the time of the incident, James Fox was not wearing rubber gloves as required by Jackson Purchase's safety rules. The PSC determined that Fox's failure to wear gloves was a willful violation of NESC Section 44(441); further, that based upon the imputed liability principle in KRS 278.990(1), Jackson Purchase willfully violated 807 KAR 5:041(3) for which it should be assessed a $500.00 penalty.

The PSC also found that Richardson Contracting, Inc. had a contract with Owen Electric Cooperative; that Kenneth Peters, an employee of Richardson Contracting, came into contact with a 7200 single tap line and was electrocuted; that, at the time of the incident, the line had not been de-energized, nor had it been covered with protective equipment; that Peters was not wearing rubber gloves; and that Richardson's foreman was not at the work site. At the time of the incident, Owen Electric owned the facility in question and Peters was working in the scope of his employment for Richardson and in the scope of the contract between Richardson Contracting and Owen Electric. The PSC determined that Peters' failure to wear protective equipment was a violation of NESC Section 420(420H); that Richardson's supervisor failed to perform his duties in violation of NESC Section 421 (421A); and that Peters' and Richardson's conduct was willful. Based upon the imputed liability principle in KRS 278.990(1), Owen Electric Cooperative willfully violated 807 KAR 5:041(3) for which it should be assessed a $500.00 penalty.

The PSC found that Dobson Power had a contract with Jackson County Rural Electric Cooperative. Terry Parrett, an employee of Dobson Power, suffered third degree burns to his hand and side when he came into contact with an excess line which was cut by another employee working above him. The excess line fell and caught on an energized line near Parrett's position. Prior to beginning work, the Dobson crew had visually inspected, but did not otherwise test the 7200 single-volt line in question. No system grounds were

---

1. Owen contends that the incorporation by reference of the NESC into 807 KAR 5:041 violates KRS 13A.224(4)(a) and 13A.2245(1); Jackson County mentions that the incorporation was unlawful. The circuit court did not address this issue. It was incumbent upon appellees to file a cross-appeal to preserve the issue for further consideration upon appeal. See *Perry v. Williamson*, Ky., 824 S.W.2d 869, 871 (1992).

used at the accident site. Parrett was not wearing rubber gloves that had been provided for his work. At the time of the incident, Jackson County owned the facility in question. Parrett was working in the scope of his employment for Dobson, and the work was in the scope of the contract between Dobson and Jackson County. The PSC determined that Parrett's failure to wear protective equipment was a violation of NESC Section 420 (420H); that his supervisor failed to perform his duties in violation of NESC Section 421 (421A); that the conduct of Parrett and his supervisor was willful; and that based upon the imputed liability principle in KRS 278.990(1), Jackson County willfully violated 807 KAR 5:041(3) for which it should be assessed a $500.00 penalty.

■ The circuit court did not address the above findings. It only mentioned that "[t]he facts, which are not at issue in these cases, are that employees of the independent contractors failed to wear their rubber gloves when working near energized lines and that the independent contractors failed to enforce safety standards and left the work area." The PSC's findings were not challenged by way of a cross-appeal in this Court. In each of the three cases, employees of independent contractors ("other persons" under KRS 278.990(1)) were found to have willfully violated 807 KAR 5:041 Section 3. We believe that the Legislature intended for the utility to be subject to a civil penalty in this circumstance—where a person acting for it and in the scope of his employment willfully violates a regulation. The language of the statute is unambiguous and mandatory. KRS 446.010(29). "Each [such] act, omission, or failure ... **shall be deemed** to be the act, omission, or failure of the utility." KRS 278.990(1) (emphasis added). "When a thing is to be 'deemed' something that it really is not, it means merely that it is to

be so treated, with the attendant consequences, ....[citation omitted]" *Strand Amusement Co. v. Commonwealth*, Ky., 241 Ky. 48, 43 S.W.2d 321, 327 (1931). We hold that the PSC acted within its authority under KRS 278.990(1) in assessing the subject penalties. The Judgment of the Franklin Circuit Court is reversed.

ALL CONCUR.