DONALD RAY JR. *v.* RAYMOND P. SCHNEIDER ET AL.
(6133)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued June 7—decision released October 4, 1988

*Paul B. Groobert,* with whom was *Van Starkweather,* for the appellant (plaintiff).

*David S. Williams,* for the appellees (named defendant et al.).

*Raymond F. Parlato* filed a brief for the appellee (defendant Cheryl Stanton).

DUPONT, C. J. The plaintiff appeals from the judgments rendered in this personal injury action subsequent to the granting by the trial court, *Kelly, J.,* of the motion made by the defendants Raymond P. Schneider and Robert F. Welsh to strike the first count of the plaintiff's amended complaint, and the granting by the trial court, *Byrne, J.,* of the motion made by the defendant Cheryl Stanton, doing business as Competitive Contracting Company (CCC), for summary judgment on the second count of the plaintiff's amended complaint.[1] The plaintiff claims that the trial courts erred (1) in concluding that he failed to state a cause of action for vicarious liability and for direct liability in negligence against the defendants Schneider and Welsh, and (2) in concluding that his tort claim against the defendant CCC, his employer, was barred under the exclusivity of rem-

[1] The plaintiff's amended complaint also contained allegations of negligence against Joseph C. Jodoin, Olive Jodoin, and Roslyn Realty, Inc., as the owners and lessees of various parcels of land on which a shopping center was being constructed, and against Clemence Stanton, the husband and employee of the defendant Cheryl Stanton. These other defendants are not involved in this appeal.

edy provisions of the Workers' Compensation Act, General Statutes § 31-275 et seq. We find no error.

The following facts are pertinent to the issues on appeal. The defendants Schneider and Welsh hired the defendant CCC, an independent contractor, to excavate a trench and to install sewer, water and gas utility pipelines for several buildings which were being added to an existing shopping center. Schneider and Welsh had proprietary interests in the shopping center either as owners, lessees or developers. The plaintiff was an employee of CCC. On October 5, 1982, the plaintiff was working in a trench excavated by CCC when the wall of the trench caved in on him, inflicting severe bodily injuries.

In his amended complaint, the plaintiff alleges that his injuries were due to the incompetence of his employer in excavating the trench. Specifically, he claims that the collapse of the trench occurred because (1) the trench, which was 280 feet long and more than five feet deep, was excavated in subsoil consisting of loose and unstable soil, rocks and other loosely compacted fill materials, (2) the earthen walls of the trench were not shored or braced, (3) the trench walls did not have a sufficient angle of repose as required by various regulations, ordinances and building codes, (4) excavated trench materials and fill were left in too close a proximity to the open trench, and (5) the trench walls were subject to vibrations generated by the construction equipment being operated in the nearby area and by vehicular traffic at the shopping center, including large delivery trucks.

The trial court struck the first count of the amended complaint against Schneider and Welsh, concluding that as a matter of law (1) they were not vicariously liable to the contractor's employee for the defendant contractor's alleged failure to take the necessary safety

precautions where work is inherently dangerous or where they had a nondelegable duty to provide a safe work place, and (2) to the extent that the complaint alleged that they failed to hire the independent contractor with reasonable care, they were not liable to the contractor's injured employee for negligence in failing to exercise reasonable care in the selection of an independent contractor.

## I

### JUDGMENT IN FAVOR OF SCHNEIDER AND WELSH

#### A

##### VICARIOUS LIABILITY FOR NEGLIGENCE OF INDEPENDENT CONTRACTOR

The plaintiff argues that the trial court erred in striking the first count of the amended complaint for failure to state a cause of action in negligence on the basis of vicarious liability. The plaintiff makes essentially two claims. He argues that Schneider and Welsh are liable for the contractor's alleged failure to take the necessary safety precautions because (1) the work performed was inherently dangerous, and (2) because a nondelegable duty by the defendant to provide a safe work place arose out of a grant of authority, which in this case was the sewer permit from the town of Killingly. We conclude that although Schneider and Welsh might be vicariously liable to members of the general public under these circumstances for harm caused by the negligence of an independent contractor employed by them, they cannot, as a matter of law, be held vicariously liable to an employee of the negligent independent contractor.

Ordinarily, an employer of an independent contractor, absent an act of negligence on his own part, is not liable to others for the negligent acts of the contractor. *Douglass* v. *Peck & Lines Co.*, 89 Conn. 622, 627,

95 A. 22 (1915). There are, however, several exceptions to the nonliability rule. For example, where the employer retains control of the premises or supervises the work of the contractor, or where the work to be performed by the contractor is inherently dangerous, or where the employer has a nondelegable duty to take safety precautions imposed by statute or regulation, the employer may be vicariously liable to others for the negligent acts of the independent contractor. See id.; 41 Am. Jur. 2d, Independent Contractors § 41; 2 Restatement (Second), Torts §§ 413, 416, 424, 427.[2]

There is no question that these exceptions apply to allow third persons, such as innocent bystanders, to maintain a negligence action against the employer. The more difficult question, however, is whether the employees of the independent contractor also fall within those class of persons protected by the exceptions to the

---

[2] Section 413 of 2 Restatement (Second) of Torts provides: "DUTY TO PROVIDE FOR TAKING OF PRECAUTIONS AGAINST DANGERS INVOLVED IN WORK ENTRUSTED TO CONTRACTOR.

"One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer

"(a) fails to provide in the contract that the contractor shall take such precautions, or

"(b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions."

Section 416 of 2 Restatement (Second) of Torts provides: "WORK DANGEROUS IN ABSENCE OF SPECIAL PRECAUTIONS.

"One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take special precautions, even though the employer has provided for such precautions in the contract or otherwise."

Section 424 of 2 Restatement (Second) of Torts provides: "PRECAUTIONS REQUIRED BY STATUTE OR REGULATION.

"One who by statute or by administrative regulation is under a duty to provide specified safeguards or precautions for the safety of others is sub-

nonliability rule. The Connecticut appellate courts have not decided this issue. Assuming that the work performed by the independent contractor in this case was inherently dangerous and agreeing that an employer may not contract away his liability to the general public for harm caused in the performance of that activity, we conclude that such vicarious liability does not extend to the employees of the independent contractor. See, e.g., *Scofi* v. *McKeon Construction Co.,* 666 F.2d 170 (5th Cir. 1982); *Evans* v. *Transportacion Maritime Mexicana,* 639 F.2d 848 (2d Cir. 1981); *Vagle* v. *Pickands Mather & Co.,* 611 F.2d 1212 (8th Cir. 1979), cert. denied, 444 U.S. 1033, 100 S. Ct. 704, 62 L. Ed. 2d 669 (1980) (applying Minnesota law); *Bramer* v. *United States,* 595 F.2d 1141 (9th Cir. 1979); *Chavis* v. *Finnlines Ltd., O/Y,* 576 F.2d 1072 (4th Cir. 1978); *Jones* v. *United States,* 399 F.2d 936 (2d Cir. 1968); *Lipka* v. *United States,* 369 F.2d 288 (2d Cir. 1966), cert. denied, 387 U.S. 935, 87 S. Ct. 2061, 18 L. Ed. 2d 997 (1967); *Galbraith* v. *United States,* 296 F.2d 631 (2d Cir. 1961); *Wallach* v. *United States,* 291 F.2d 69

---

ject to liability to the others for whose protection the duty is imposed for harm caused by the failure of a contractor employed by him to provide such safeguards and precautions."

Section 427 of 2 Restatement (Second) of Torts provides: "NEGLIGENCE AS TO A DANGER INHERENT IN THE WORK.

"One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused by such others by the contractor's failure to take reasonable precautions against such danger."

The plaintiff does not rely on § 427A of 2 Restatement (Second) of Torts, which imposes vicarious liability on an employer who has hired an independent contractor to perform "abnormally" rather than "inherently" dangerous work. Section 427 imposes a vicarious liability on an employer for the negligence of an independent contractor performing inherently dangerous work, whereas under § 427A both the employer and the independent contractor are strictly liable for injuries occasioned by abnormally dangerous work.

(2d Cir.), cert. denied, 368 U.S. 935, 82 S. Ct. 373, 7 L. Ed. 2d 197 (1961); *Hurst* v. *Gulf Oil Corporation,* 251 F.2d 836 (5th Cir. 1958); *Ackerman* v. *Gulf Oil Corporation,* 555 F. Sup. 93 (D.N.D. 1982) (applying North Dakota law); *Sloane* v. *Atlantic Richfield Co.,* 552 P.2d 157 (Alaska 1976); *Welker* v. *Kennecott Copper Co.,* 1 Ariz. App. 395, 403 P.2d 330 (1965); *Jackson* v. *Petit Jean Electric Corporation,* 270 Ark. 506, 606 S.W.2d 66 (1980); *Florida Power & Light Co.* v. *Price,* 170 So. 2d 293 (Fla. 1964); *Pearson* v. *Harris,* 449 So. 2d 339 (Fla. App. 1984); *Peone* v. *Regulus Stud Mills, Inc.,* 113 Idaho 374, 744 P.2d 102 (1987); *Texas Eastern Transmission Corporation* v. *Seymour National Bank,* 451 N.E.2d 698 (Ind. App. 1983); *Johns* v. *New York Blower Co.,* 442 N.E.2d 382 (Ind. App. 1982); *King* v. *Shelby Rural Electric Co-Op Corporation,* 502 S.W.2d 659 (Ky.), cert. denied, 417 U.S. 932, 94 S. Ct. 2644, 41 L. Ed. 2d 235 (1974); *Vertentes* v. *Barletta Co.,* 392 Mass. 165, 466 N.E.2d 500 (1984); *Sierra Pacific Power Co.* v. *Rinehart,* 99 Nev. 557, 665 P.2d 270 (1983); *Cooper* v. *Metropolitan Government,* 628 S.W.2d 30 (Tenn. App. 1981); *Humphreys* v. *Texas Power & Light Co.,* 427 S.W.2d 324 (Tex. App. 1968); *Humble Oil & Refining Co.* v. *Bell,* 180 S.W.2d 970 (Tex. App. 1944); *Epperly* v. *Seattle,* 65 Wash. 2d 777, 399 P.2d 591 (1965); *Jones* v. *Chevron U.S.A., Inc.,* 718 P.2d 890 (Wyo. 1986); see also annot., 34 A.L.R.4th 914, 934–48, and cases cited therein; note, "Liability to Employees of Independent Contractors Engaged in Inherently Dangerous Work: A Workable Workers' Compensation Proposal," 48 Fordham L. Rev. 1165 (1980); contra *Rooney* v. *United States,* 634 F.2d 1238 (9th Cir. 1980) (applying California law); *Van Arsdale* v. *Hollinger,* 68 Cal. 2d 245, 437 P.2d 508, 66 Cal. Rptr. 20 (1968).

The issue before us necessitates consideration of whether an employee of an independent contractor has a status significantly distinguishable from a member

of the general public with respect to the employer's duty to compensate for injury caused by the negligence of the independent contractor. *Vertentes* v. *Barletta Co.*, supra, 505–506 (Abrams, J., concurring). We begin our analysis by acknowledging that the imposition of vicarious liability on the employer of an independent contractor when that contractor is negligent in performing inherently dangerous work resulting in harm to a member of the general public "is grounded in a recognition that the possibility of harm to others is so great when the work activity is inherently dangerous that the law tolerates it only on terms insuring the public against injury." *Jackson* v. *Petit Jean Electric Corporation*, supra, 510. Accordingly, an employer who benefits from the performance of inherently dangerous work may not be shielded from the responsibility to provide safety measures and precautions designed to insure against injury by delegating the performance of the work to an independent contractor. Vicarious liability in such a case is intended "to protect those who have no direct involvement with the hazardous activity, are only incidentally exposed to its risks and have no direct means of insuring themselves against the loss." Id.

Employees of an independent contractor stand on a different footing with respect to such injury than does the general public. An employee of an independent contractor who performs inherently dangerous work has specifically contracted to perform such work knowing the risks involved and receives generally higher compensation because of such risks. *Poirier* v. *Plymouth*, 374 Mass. 206, 227, 372 N.E.2d 212 (1978). Furthermore, employees injured on the job, in contrast to passersby or other members of the general public who "are relegated to the hazards of litigation"; *Vertentes* v. *Barletta Co.*, supra, 506 (Abrams, J., concurring); receive recovery as a matter of due course under a

statutory/administrative scheme. Hence, the concern underlying the vicarious liability doctrine, namely, that an individual who is injured by the negligence of an independent contractor performing inherently dangerous work might not receive just compensation for his injury, is not applicable when the injured person is the employee of the independent contractor. These differences support the distinction made by the courts between members of the general public and employees of the independent contractor in the context of vicarious liability of the contractor's employer.

Aside from this distinction, there are other compelling reasons for our decision to deny liability. With relatively few exceptions, an employee's recovery for work-related injuries is governed by our comprehensive statutory workers' compensation scheme. The insurance from which compensation for an injury is to be paid is carried by the contractor. It is to be expected that the cost of workers' compensation insurance will be included by the contractor in his contract price for undertaking to perform the inherently dangerous work and, therefore, will ultimately be financed by the employer who hires the independent contractor. *King* v. *Shelby Rural Electric Co-Op Corporation,* supra, 662. The employer thus already furnishes funds, at least in part, to pay the insurance premiums of the independent contractor for workers' compensation. To hold the employer of the contractor liable vicariously to the employee of the contractor would effectively make the employer pay twice for a contractor's employee's work-related injury.

Finally, and most importantly, the imposition of liability would subject the employer of an independent contractor to greater liability than he would have had if he had used his own employees on the job. *Vagle* v. *Pickands Mather & Co.,* supra, 1219; *King* v. *Shelby Rural Electric Co-Op Corporation,* supra, 662–63. As

a general rule, an employee's recovery is limited to workers' compensation. In this case, for example, if the plaintiff had been an employee of Schneider and Welsh, doing exactly the same work, he would have been prevented by our workers' compensation law from suing them in tort. Employees of an employer should not be limited to workers' compensation benefits while permitting employees of an independent contractor to recover not only workers' compensation benefits, but also to recover damages in tort from an employer of an independent contractor. If such were the case, there would be an indefensible status distinction between employees of an independent contractor and employees working directly for the owner of the premises, the real estate developers, the lessees of the premises or the general contractor. "To the extent that work[er]'s compensation is the preferred remedy for occupational injuries, it does appear anomalous and fortuitous to allow an employee to recover in tort from a third party owner when the accident arises out of and in the course of employment. In other words, a third party owner should not be exposed to greater liability by employing an independent contractor." *Peone* v. *Regulus Stud Mills, Inc.,* supra, 378.

There are other reasons to support our conclusion denying liability. First, a fundamental principle of our tort law is that ordinarily an individual should be held liable for compensating harm only when he has caused that harm through his own fault. The principle of liability for individualized fault is the norm, whereas vicarious liability "is regarded as an exceptional solution." *Nowak* v. *Nowak,* 175 Conn. 112, 126, 394 A.2d 716 (1978).

Second, recovery in tort on a suit based on vicarious liability for injuries for which an employee has already been compensated pursuant to his workers' compen-

sation benefits usually would contravene the legislative scheme of the Workers' Compensation Act.

Third, the employee of the contractor "has greater knowledge of and control over the dangers to which he is exposed" than does the employer of the contractor. *Ackerman* v. *Gulf Oil Corporation,* supra, 96. "Generally, the employee works with those dangers daily, and from such experience usually has a clearer idea of the dangers to which he is exposed and how he might alleviate such dangers." Id.

Fourth, public policy encourages real estate developers and other employers to hire independent contractors where work is inherently dangerous because of their expertise, skill and ability to understand the dangers and to best take safety precautions against them. Imposition of vicarious liability upon the employer, which would expose him to more liability than if he undertook the work himself, can only discourage an employer from seeking qualified contractors to perform dangerous work.

We conclude that an employer of an independent contractor may not be vicariously liable to the contractor's employees for an injury caused in the performance of inherently dangerous work on account of the contractor's failure to take the necessary safety precautions, or because the employer had a nondelegable duty to provide a safe work place. Accordingly, the trial court did not err in striking the first count of the plaintiff's amended complaint for failure to state a cause of action for vicarious liability in negligence.

## B

### DIRECT LIABILITY FOR PERSONAL NEGLIGENCE

The plaintiff argues that the trial court erred in striking the first count of the amended complaint for failure to state a cause of action in negligence. The plaintiff

argues that the failure of the defendants to exercise reasonable care in the selection of an independent contractor, which negligence was the proximate cause of injury, is a cognizable cause of action as to him, the contractor's employee.

In his amended complaint, the plaintiff alleges, among other allegations: "7. The defendant, Cheryl Stanton, at all times was the owner of a business entitled Competitive Contracting Company. 8. On or about September 1, 1982, the defendants . . . engaged the defendant, Cheryl Stanton, d/b/a, to install sewer, water and gas utility pipe lines and the excavation work necessary therefor . . . . 19. [The plaintiff's injury] was due to the negligence of the defendants . . . in that: a. They caused, allowed and/or permitted the defendant, Cheryl Stanton, d/b/a, to perform excavation work of an inherently dangerous nature when they knew, or in the exercise of reasonable care should have known (i) that she was incompetent to perform said work (ii) that she did not possess sufficient knowledge; she did not possess a drain layer's license as required by Section IX of the Killingly Sewer Ordinance, she did not possess a crane operator's license as required by Section IX (d) (3) (4) (5) of the Killingly Sewer Ordinance, skill, experience, equipment and the personnel necessary to perform said work in a competent or safe manner . . . ."

It has not been decided by the appellate courts of this state whether a duty is owed by the owner of premises or by the developers of real estate to an employee of an independent contractor to hire that independent contractor with reasonable care. See *Douglass* v. *Peck & Lines Co.,* 89 Conn. 622, 627, 95 A. 22 (1915) (recognizing rule that employer may be liable to others for negligently employing an incompetent or untrustworthy independent contractor). The parties in this case urge this court to decide that question under § 411 of

the Restatement (Second) of Torts, which provides that "[a]n employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons." In this case, the employers of the independent contractor were Schneider and Welsh. The question to be resolved is whether the Restatement's provision that the employer may be liable to "third persons" for the failure to use reasonable care in hiring a contractor contemplates the inclusion of the contractor's employees within the class of persons to be protected.

For the reasons we articulated with respect to the issue of vicarious liability which are applicable to the issue of direct liability here, we conclude that the liability of the employer for physical harm to "third persons" under the negligent hiring doctrine does not apply where injuries are sustained by an employee of the contractor as opposed to the general public. See, e.g., *Hess* v. *Upper Mississippi Towing Corporation,* 559 F.2d 1030 (5th Cir.), reh. denied, 564 F.2d 97 (1977), cert. denied, 435 U.S. 924, 98 S. Ct. 1489, 55 L. Ed. 2d 518 (1978); *Chavis* v. *Finnlines Ltd., O/Y,* supra; *Jones* v. *United States,* supra; *Lipka* v. *United States,* supra; *Hagberg* v. *Sioux Falls,* 281 F. Sup. 460 (D.S.D. 1968); *Matanuska Electric Assn., Inc.* v. *Johnson,* 386 P.2d 698, 702 n.14 (Alaska 1963); *Schip* v. *Pabst Brewing Co.,* 64 Minn. 22, 66 N.W. 3 (1896). Accordingly, the trial court did not err in striking the first count of the plaintiff's amended complaint for failure to state a cause of action for direct liability in negligence.

## II

In the second count of his amended complaint, the plaintiff alleged that the defendant employer, Cheryl

Stanton, doing business as Competitive Contracting Company, wilfully, wantonly and recklessly failed to provide the plaintiff with a safe place to work and failed to comply with certain requirements of the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 658 et seq. General Statutes § 31-367 et seq. Stanton sought and was granted summary judgment on the ground that as a matter of law she was immune from suit under General Statutes § 31-284 of the Workers' Compensation Act; General Statutes § 31-275 et seq.; which section provides that an employer is not liable for damages sustained by an employee as a result of personal injury incurred during the course of employment. On appeal, the plaintiff claims that the exclusivity provision of § 31-284 does not apply to bar his tort action against the defendant employer because he received benefits from the second injury fund pursuant to the workers' compensation statute; General Statutes § 31-284b; rather than from any workers' compensation insurance coverage obtained by Stanton on his behalf. We disagree.

Under § 31-284 (a), an employer is not liable in "any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . ." The only recognized judicially created exception to the exclusivity provisions of the act was announced in *Jett* v. *Dunlap,* 179 Conn. 215, 219, 425 A.2d 1263 (1979), where our Supreme Court held that an employee's action against his employer claiming intentional assault by another employee "identified as the alter ego" of the employer would not be barred by § 31-284. The *Jett* exception expressly has not been extended judicially to include injuries to employees resulting from "intentional," "wilful" or "reckless" violations by the employer of safety standards established pursuant to federal and state laws, such as OSHA. *Mingachos* v. *CBS, Inc.,* 196

Conn. 91, 100, 491 A.2d 368 (1985). "To bypass the exclusivity of the act, the intentional or deliberate act or conduct alleged must have been designed to cause the injury that resulted." Id., 102. In this case, the failure of the defendant employer to provide a safe place to work because of alleged intentional violations of OSHA, is not the type of intentional tortious conduct that falls within the parameters of any recognized exception to the exclusivity rule. See id., 100–103; see also *Panaro* v. *Electrolux Corporation,* 208 Conn. 589, 599, 545 A.2d 1086 (1988); *Blancato* v. *Feldspar Corporation,* 203 Conn. 34, 40–41, 522 A.2d 1235 (1987); *Perille* v. *Raybestos-Manhattan-Europe, Inc.,* 196 Conn. 529, 531, 494 A.2d 555 (1985).

The fact that the plaintiff may have received workers' compensation benefits from the second injury fund rather than from insurance obtained by Stanton is of no consequence. The plaintiff received compensation under the present comprehensive statutory scheme. That is all that is required in order to invoke the exclusivity provision. The plaintiff did, in fact, receive compensation under the Workers' Compensation Act for his injuries. Whether that compensation came from a second injury fund or from his employer is not a material fact which would prevent summary judgment in this case.

" 'The purpose of the work[er]'s compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer.' (Citation omitted.) *Jett* v. *Dunlap,* supra, 217. The act is to be broadly construed to effectuate the purpose of providing compensation 'for an injury arising out of and in the course of the employment regardless of fault.' *Klapproth* v. *Turner,* 156 Conn. 276, 279, 240 A.2d 886 (1968); *Stapf* v. *Savin,* 125 Conn.

563, 565, 7 A.2d 226 (1939). Under typical workers' compensation statutes, employers are barred from presenting certain defenses to the claim for compensation, the employee's burden of proof is relatively light, and recovery is expeditious. In a word, these statutes compromise an employee's right to a common law tort action for work-related injuries in return for a relatively quick and certain compensation. See *Iverson* v. *Atlas Pacific Engineering Ltd.*, 143 Cal. App. 2d 219, 191 Cal. Rptr. 696 (1983); 81 Am. Jur. 2d, Workmen's Compensation § 2 (1976); see generally Larson, 'The Nature and Origins of Workmen's Compensation,' 37 Cornell L.Q. 206 (1952). The purposes of the act are best served by allowing the remedial legislation a reasonable sphere of operation considering those purposes. See *Adzima* v. *UAC/Norden Division*, 177 Conn. 107, 117, 411 A.2d 924 (1979)." *Mingachos* v. *CBS, Inc.*, supra, 97-98.

We also note that the act allows a greater amount of compensation to be paid to an employee "who suffers any injury or illness caused by his employer's violation of any health or safety regulation . . . after such a violation has been cited with [OSHA] and not abated within the time fixed by the citation . . . ." General Statutes § 31-307. "This provision buttresses the defendant employer's position that the legislature did not intend to abrogate the exclusivity principle in a case such as that presented here." *Mingachos* v. *CBS, Inc.*, supra, 104; see also 2A A. Larson, Workmen's Compensation Law § 68.30, p. 13–130 (when a penalty has been built into a compensation act to cover employer misconduct, the boundaries of the exclusivity principle are expanded to encompass that conduct and foreclose tort action).

Accordingly, the trial court did not err in granting summary judgment for the defendant Stanton because

no material issue of fact was in dispute and Stanton was entitled to judgment as a matter of law.

There is no error.

In this opinion the other judges concurred.

