[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, James Sanford, has brought a personal injury action against defendants Classic Auto Restoration, Inc,. (Classic) and David L. Sansone, d/b/a Sansone Construction (Sansone). The July 26, 1990 amended complaint is the operative complaint and this court previously granted co-defendant Sansone's motion for summary judgment as to Count One of the two-count amended complaint.
Classic now moves to strike (#111) Count Two of the amended complaint and the cross claims of co-defendant Sansone on the ground that all fail to state cognizable causes of action upon which relief may be granted.
In Count Two of the amended complaint, plaintiff alleges that Classic, as subcontractor, and Sansone as general contractor, entered into an agreement for Classic to perform renovations at certain property in Greenwich; that Classic subsequently entered into an agreement with one Lamar LaGrone, who is not a party to this suit, pursuant to which LaGrone was hired as a subcontractor to perform renovations on the roof; that plaintiff Sanford was an employee of LaGrone; that Classic knew it was unsafe for the plaintiff to work on the roof; that Classic was negligent in allowing plaintiff to work on the roof in that he was not provided with adequate safety devices to break his fall; that the roof was wet and slippery and unsafe to climb; and that plaintiff was not qualified CT Page 5170 or sufficiently experienced to work on a roof and did not receive proper training. Plaintiff further claims that as a result of Classic's negligence he suffered serious and permanent injuries for which he seeks monetary recovery.
In Count One of the cross-claim, Sansone alleges that if plaintiff's supervision by the controlling subcontractor was inadequate and deficient, it was due to the negligence of his co-defendant Classic, the primary roofing subcontractor, which was the party responsible for and in control of the work. To complete the claim of active/passive negligence, Sansone also alleges that he had no reason to know of Classic's negligence, if any.
In Count Two of Sansone's cross claim he alleges that he inquired of Classic whether or not it carried Workers' Compensation insurance and that Classic represented that it did in fact carry such insurance. Sansone alleges that he relied on this representation and received a certificate of insurance from Classic. Sansone also alleges that he was subsequently informed that Classic's Workers' Compensation insurance had been cancelled. Sansone claims that he would not have hired Classic as the primary roofing subcontractor had it not carried such insurance. Sansone also alleges that by reason of Classic's misrepresentation he has been injured and damaged in that he must defend against the plaintiff's lawsuit.
Classic moves to strike, Practice Book 152, Count Two of the amended complaint, on the ground that an employee such as Sanford does not have a cause of action in negligence against Classic as the employer of the independent contractor, LaGrone, for whom that employee works.
In Ray v. Schneider, 16 Conn. App. 660, 670, 548 A.2d 461
(1988), the Appellate Court held that ". . . an employer of an independent contractor may not be vicariously liable to the contractor's employees for an injury caused in the performance of inherently dangerous work on account of the contractor's failure to take the necessary safety precautions, or because the employer had a nondelegable duty to provide a safe workplace." The court also held that the direct "liability of the employer for physical harm to `third persons' under the negligent hiring doctrine does not apply where injuries are sustained by an employee of the contractor as opposed to the general public." Id., 672.
Because Classic is the employer of LaGrone, the independent contractor, Classic may not be held vicariously liable to the plaintiff, an employee of the independent contractor, for injuries sustained in the performance of inherently dangerous work of repairing the roof. Thus Count Two of plaintiff's amended complaint against Classic fails to state a claim upon which relief may be granted and therefore Classic's I motion to strike this count is granted.
Co-defendant Sansone does not object to Classic's motion to strike his first cross-claim provided the motion to strike Count Two of CT Page 5171 the complaint and his motion for summary judgment are also granted. Because the motion for summary judgment was previously granted and Count Two of plaintiff's amended complaint has now been stricken, it follows that Sansone's first cross-claim should also be stricken.
As to Classic's motion to strike Sansone's second cross-claim involving Classic's alleged misrepresentation of maintaining valid Workers' Compensation insurance, Sansone argues that the court deny the motion to strike or, alternatively, that this motion be stayed pending a determination by the Workers' Compensation Commission of Sansone's pending claim contesting his liability to the Second Injury Fund. According to Sansone, a favorable decision would render his second cross-claim moot, whereas a rejection of that claim would require that the second cross-claim be addressed.
In light of the pendency of the compensation claim, action on Sansone's second cross-claim is stayed pending a determination by the Workers' Compensation Commission of the propriety of that claim.
In conclusion, Count Two of plaintiff's amended complaint and Sansone's first cross-claim are stricken and action on Sansone's second cross claim is stayed.
SO ORDERED.
Dated at Stamford, Connecticut this tenth day of June, 1991.
W. B. LEWIS, J.