[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This action consists of a six count complaint against the defendants, Richard Harris and his employer Southern New England Telephone Company (hereinafter SNETCO), alleging that Harris, while operating his vehicle, struck a briefcase which Robert Rutter was carrying while a pedestrian on Hawthorne Street in Hartford, and thereafter Harris immediately stopped his vehicle, exited and struck Rutter in the head with his fist.
The fourth count alleges that SNETCO was negligent in hiring and retaining Harris because of his propensity for violent behavior.
SNETCO has filed a motion to strike the fourth count on the ground that Connecticut does not recognize a cause of action for the negligent hiring of an employee.
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 "admits all facts well pleaded." Mingachos v. CBS, Inc.,196 Conn. 91, 108-09, 491 A.2d 386 (1985). "[I]f facts provable under the allegations would support a. . .cause of action, the demurrer [motion to strike] must fail." (Citations omitted.) CT Page 6774 Alarm Applications Co. v. Simsbury Volunteer Co., 179 Conn. 541,545, 427 A.2d 822 (1980).
SNETCO relies on Carlson v. The Connecticut Co.,94 Conn. 131, 108 A. 531 (1919), for the proposition that "Connecticut does not view the negligence of an employer in selecting or retaining an unfit or incompetent employee as an independent basis for that employer's liability."
Plaintiffs argue that Connecticut now recognizes that public employers have a duty to hire "proper persons" and to remove or suspend employees who present a danger to a third person, and further argue that our Supreme Court in Shore v. Stonington, 187 Conn. 147, 444 A.2d 11379 (1982) recently recognized that this duty applies to private as well as public employers.
In Carlson v. Connecticut Co., supra, our Supreme Court stated: "The liability of the defendant, if any, must find its basis in negligent conduct on the part of its servant or servants. It cannot rest upon their want of qualification for their task alone." Id., 136.
In Shore supra, 155 the court stated:
 In Stiebitz v. Mahoney, [144 Conn. 443, 447, 143, A.2d 71 (1957)] we recognized the existence of an action against a police chief for negligently hiring an unfit police officer, an action independent of the respondeat superior theory of liability. This common-law tort is not limited to instances of liability of public officials but extends to any situation where a third party is injured by an employer's own negligence in failing to select an employee fit of competent to perform the services of employment.
Since then, our Appellate Court has implicitly recognized the existence of the negligent hiring doctrine where injuries are sustained by a member of the general public as opposed to an employee of the employer. Ray v. Schneider, 16 Conn. App. 660,672, 548 A.2d 461, cert. denied, 209 Conn. 822,551 A.2d 756 (1988).
We conclude that these recent decisions of the appellate and supreme courts express a recognition by those courts of the existence of a cause of action for the negligent hiring of an employee. Motion to strike the fourth CT Page 6775 count of the plaintiffs' complaint is denied.
WAGNER, J.