[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO REQUEST TO REVISE#110
The defendant, Warner-Lambert Company, objects to the plaintiff, Maria Cedeno's, request to revise the defendant's second special defense. The second special defense states:
 [t]he Plaintiff, Maria Cedeno, has as her sole remedy for any injuries losses or damages suffered as a result of the accident alleged in her complaint, the recovery afforded by the Connecticut Workers' Compensation Act, General Statutes 31-275 et seq. As an employee of an independent contractor working on premises controlled by the Defendant, she may not pursue a negligence action against the Defendant.
Cedeno requests that the defendant revise this special defense to state the amount of workers' compensation payments that have been paid out by Warner-Lambert to Cedeno. Warner-Lambert objects on the ground that allegations of payments are not necessary to support the special defense.
The exclusivity provisions of The Workers' Compensation Act CT Page 1477 provide a valid defense, in and of themselves. See, Ray v. Schneider,16 Conn. App. 660, 669 cert. denied, 209 Conn. 822 (1988); see alsoKyle v. Connecticut Development Authority, 11 Conn. L. Rptr. 606, 607 (June 7, 1994, Leuba, J.). The question of payments is not a necessary part of that defense. The information requested is mere surplusage.
Therefore, the issue of whether Warner-Lambert has paid out workers' compensation benefits to Cedeno is not necessary to the second special defense. Such information is more properly requested during the discovery process. Parenthetically, the court notes that in most civil cases under today's rules, the pleadings are not sent to the jury, therefore blurring somewhat the former distinction between pleadings and motions for disclosure.
Therefore, Warner-Lambert's objection to the request to revise is sustained.
SAMUEL S. FREEDMAN, JUDGE