[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Tilcon Connecticut, Inc. (Tilcon), moves for summary judgment in an action by the plaintiffs against several defendants, which action is based on a strict liability claim arising from harm to property allegedly caused by blasting in conjunction with the reconstruction of Route 6 in Hampton.
Tilcon asserts that because it is a general contractor it has no liability, under strict liability theory, for damage caused by the blasting activity of a subcontractor hired to perform such activity There is no genuine issue of fact that Tilcon was the general contractor on this project, that Tilcon subcontracted with another defendant, J J Blasting Corp, to perform blasting for road reconstruction, and that the blasting so performed is CT Page 1330 the subject matter of the plaintiffs' suit.
Ordinarily, an employer, absent negligence on its part, is not liable to others for the negligence of an independent contractor hired by that employer Ray v. Schneider, 16 Conn. App. 660,663 (1988). There are several exceptions to this rule, however, including where the work to be done is an inherently dangerous activity Id. Clearly, blasting is an inherently dangers enterprise. Whitman Hotel Corp v. Elliott and Watrous EngineeringCo., 137 Conn. 562, 571 (1951).
Tilcon's assertion was rejected in Welz v. Manzillo,113 Conn. 674, 683 and 684 (1931). That case appears on all fours as to the undisputed facts in this case. See also, Swearsky v. Stanley DryGoods Co., Inc., 122 Conn. 7, 12 (1936); Millstone Corp. v. LaurelOil Co., 131 Conn. 636, 639 (1945); and, Wright, Fitzgerald and Ankerman, Conn. Law of Torts (3d Ed ), § 67, p 177.
The motion for summary judgment is denied.
Sferrazza, J.