[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed March 27, 1997
The plaintiff in this action seeks to recover $5,240 from the defendant, that being the balance due on a Workers' Compensation Insurance policy issued to the defendant by the plaintiff.
Initially, the defendant paid a $750 premium. This was based on information provided to the plaintiff concerning the defendant's payroll and employees. Subsequently, the defendant engaged the services of one Mark Tinker to erect a modular dwelling at a contract price of $28,000. The parties have stipulated that Tinker was an independent contractor. It was the defendant's belief that Tinker would carry his own insurance.
At the end of the policy year, the plaintiff conducted an audit of the defendant's business (pursuant to the policy terms) and assessed the additional amount because of the Tinker contract.
The defendant argues that the plaintiff has no legal right to assess this additional premium because the defendant is not responsible for Workers' Compensation coverage for Tinker, his CT Page 2001 independent contractor, or Tinker's uninsured subcontractors. The defendant also argues that the contract between these parties is one of adhesion and to enforce its terms would be unconscionable.
 I
The defendant's first argument must be rejected because it is in total conflict with § 31-291 of our General Statutes, captioned: "Principal employer, contractor and subcontractor." The pertinent part of that statute states:
 When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor.
The defendant does not contest the fact that the work done by Tinker was "a part or process in the trade or business" of the defendant.
Numerous cases cited in the annotations to § 31-291
support the plaintiff. It has cited Ray v. Schneider,16 Conn. App. 660 (1988), which impliedly rejects the defendant's proposition. Alpha Crane Service, Inc. v. Capitol Crane Co.,6 Conn. App. 60 (1986), is dispositive of this issue.
 II
The defendant's argument as to the principle of adhesion is equally unavailing. A representative of the plaintiff testified about the way Workers' Compensation policies evolve and how their premiums are computed. The entire process is strictly regulated by the State of Connecticut through its insurance commissioner and a comprehensive statutory scheme. The auditing procedure to assess deficiencies is an accepted and approved method in this field of insurance coverage. The court finds no merit to this claim.
III
CT Page 2002
The defendant makes other arguments which address the equitable powers of the court.
It claims to have been misled by its insurance agent. Specifics were lacking but the impression conveyed was that he was led to believe the $750 was the total premium. The agent was not called to testify. It is significant that when the policy was originally placed by the defendant, it expected to be the contractor, later deciding to hire Tinker. However, the defendant's president testified that he thought Tinker had coverage. Had he demanded proof of coverage, the present dispute may not have arisen, as the lack of coverage by Tinker enhanced the assessment.
And as for claiming the plaintiff should have set the premium in advance, when the policy was written it was with the defendant in mind as the contractor performing the work. Tinker was hired much later.
Conclusion
In view of the above findings and conclusions. judgment may enter for the plaintiff in the amount of $5,240, plus legal interest from June 24, 1993, and taxable costs.
Anthony V. DeMayo, Judge Trial Referee