[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court denies the defendant Baker's Choice motion to strike.
The case of Raz v. Schneider, 16 Conn. App. 660 (1988) can be distinguished because in that case there was no allegation the principal employer was primarily negligent. Instead, the principal employer was alleged to be vicariously liable for the plaintiff's injuries because of the claimed negligence of the plaintiff's employer, the independent contractor.
In the instant matter, there is no allegation that the independent contractor was negligent. The case is brought on the theory of premises liability. While this court recognizes the policy considerations underlying the Raz decision, it does not conclude that those considerations apply here. This court adopts the reasoning of Judge Corradino in Blum v. GlastonburyHousing Authority, 14 Conn. L. Rptr. No. 15, 465, (August 28, 1995) with reference to the issue of the possibility of double recovery under the Workers' Compensation Act.
Accordingly, the motion to strike is denied.
/s/ Sandra Vilardi Leheny, J. SANDRA VILARDI LEHENY