[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Gilbane Building Company (hereinafter "Gilbane") has filed a Motion for Summary Judgment, arguing that the plaintiff is precluded from bringing this suit by Connecticut law which proscribes an employee of an independent contractor from bringing suit against the principal employer. The plaintiff, Thomas Trevethan, filed a Memorandum in Opposition, in which he argues that because he had pled a direct claim of negligence the defendant's Motion should be denied.
The plaintiff brought this lawsuit against Gilbane after he sustained injuries while employed by an independent contractor hired by the defendant. Defendant Gilbane employed Woods Electrical Company to perform electrical services. Woods Electrical Company employed the plaintiff. In his two-count complaint the plaintiff alleged in one count that defendant CT Page 13330 Gilbane was negligent for failure to warn, failure to provide necessary equipment and facilities, and failure to take appropriate actions. The defendant filed an Answer denying these allegations and asserting a contributory negligence special defense.
Although the defendant denied all of the allegations asserted by the plaintiff in its Answer, defense counsel argues, in its brief, that there are no material facts in dispute in this case. Plaintiff's counsel claims that there is a dispute as to material facts in that there is a dispute as to "whether or not the defendant was negligent in failing to prevent plaintiff's injuries as alleged . . ." Neither party has provided this court with any support for their respective positions regarding disputed and undisputed material facts.
It is not necessary for this court to address the matter of disputed versus undisputed facts, however, because the pertinent disputed issue before this court is a legal, rather than a factual one. That legal issue, simply framed is: whether or not a principal employer is immune from a lawsuit brought by an employee of an independent contractor based on allegations of direct negligence? And, if yes, under what conditions or circumstances is the principal employer to be held liable? This court finds that under Connecticut law, there are conditions under which a principal employer is immune from claims brought by an employee of an independent contractor. Those conditions, however, are not present in this case. Defendant Gilbane may be held liable for injuries to the plaintiff that it negligently caused. Therefore, for reasons set forth more fully below the defendant's Motion for Summary Judgment is denied.
I. LEGAL DISCUSSION
Summary Judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted). Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
 A. Liability of Principal Employer of Independent Contractor: Ray v. Schneider and progeny CT Page 13331
The defendant claims to be entitled to judgment as a matter of law, arguing that in Connecticut an employee of an independent contractor is precluded from recovering against the independent contractor's employer. The defendant relies almost exclusively on Ray v. Schneider, 16 Conn. App. 660 (1988) cert. denied, 209 Conn. 822 (1988). In Ray the appellate court held that an employer of an independent contractor is not liable, vis a vis vicarious liability or negligent hiring, to the employees of that independent contractor for injuries they sustained during the course of their employment.
The predominant discussion in Ray focused on the rationale for excluding the employees of an independent contractor from the class of persons who can bring vicarious liability actions against the employer of the independent contractor. TheRay court concluded that employees of independent contractors stand on different footing from the general public and have different remedies available to them. "These differences support the distinction made by the courts between members of the general public and employees of the independent contractor in the context of vicarious liability of the contractor's employer." Id. at 668. Of importance to the court, also, was the consideration that allowing an employee of an independent contractor to assert claims against the employer of the independent contractor would allow that employee access to greater rights than those accorded the direct employees of the employer. Id.
Since the decision in Ray v. Schneider, there have been a number of Connecticut Superior Court decisions addressing the issue of an employee's right to bring suit against the principal employer of an independent contractor. Some courts have disallowed actions against principal employers by injured employees of independent contractors. Withers v. UnitedIlluminating Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 34265 (November 6, 1996) (Zoarski, J.) (holding that employee may not sue employer of the independent contractor for direct liability); Kyle v. Connecticut DevelopmentAuthority, Superior Court, judicial district of New London, at New London, Docket No. 52 92 66 (June 7, 1994) (Leuba, J.11 CONN. L. RPTR. 606, 9 CSCR 698) (holding that the Appellate Court's reasoning in Ray also applies to premises liability, precluding an employee from suing a property owner for injuries sustained during the course of his employment); and Kyle v. Connecticut DevelopmentAuthority, Superior Court, judicial district of Middlesex, Docket No. 68103 (July 8, 1993) (Arena, J., 8 CSCR 785) (Case arose from the same CT Page 13332 cause of action leading to the case cited above; after the defendants prevailed in initial case the plaintiff withdrew the action and refiled in the Judicial District of New London, where summary judgment was again granted for the defendants, on the same grounds).
Other courts have allowed injured employees to pursue actions against principal employers of independent contractors. Gehertyv. Conn. Yankee Atomic PR, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 95-0546860 (April 20, 1998) (Teller, J., 22 CONN. L. RPTR. 128, 1998 Ct. Sup. 5195) (holding that the principal employer of an independent contracto immune from direct tort action by an employee of the independent contractor, only if principal employer has paid benefits under Superior Court, judicial district of Waterbury, Docket No. 138316 (May 30, 1997) (Leheny, J.) (adopted reasoning of Judge Corradino in Blum); Gionet v. General Dynamics Corp. , Superior Court, judicial district of New London at New London, Docket No. 533138 (July 24, 1996) (Hurley, J., 1996 Ct. Sup. 5102) (plaintiff employee allowed to pursue direct negligence claim against principal employer of independent contractor where there was insufficient evidence offered by the defendant to establish that it paid premiums on the workers' compensation insurance policy under which the plaintiff was covered); Blum v. GlastonburyHousing Authority, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 518876 (July 18, 1995) (Corradino, J.) 14 CONN. L. RPTR. 465) (Distinguished Ray
from case, stating "the court's concerns in Ray with imposing liability vicariously on the employer of the independent contractor where Workers' Compensation is available did not apply").
In view of the diversity of opinions regarding the applicability of Ray to cases involving employees of independent contractors who are seeking to sue principal employers, it is clear that the Ray case, alone, does not provide an adequate basis for granting the defendant's summary judgment motion. In fact, the instant case does not fit neatly within the four corners of Ray. First, the issues of negligence alleged by the plaintiff in this case are different from those in Ray. Second, the issue of compensation via the Workers' Compensation statute differs, as well.
Clearly, with regards to the specific allegations of CT Page 13333 negligence addressed by the Appellate Court in Ray, they are distinguishable from the ones asserted in the instant case. Vicarious liability was the indirect allegation of negligence claimed by the plaintiff in Ray. Negligent hiring was the direct allegation of negligence asserted in Ray. That allegation, negligent hiring, implicates duties and obligations which more closely mimic those raised when applying the doctrine of vicarious liability. Both impose liability upon a party for the negligent and/or harmful conduct of one with whom the party has a supervisory or agency relationship.
Negligent hiring imposes liability upon one party for hiring an unfit, or incompetent employee who then injures a third party. See, Shore v. Stonington, 187 Conn. 147, 155 (1982); Rutter v.Harris, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 503195 (July 16, 1992) (Wagner, J., 7 CONN. L. RPTR. 117). Under the vicarious liability doctrine, "the law imposes liability upon one party for the acts of another. Thus . . . the master is liable for the acts of the servant or agent committed within the scope of his employment." Wright, FitzGerald and Ankerman, Conn. Law of Torts
(3rd Ed.) § 63. There is a logical consistency in barring both the vicarious liability claim and the negligent hiring claim, as the court did in Ray.
In the instant case, the defendant is alleged to have failed to reasonably maintain a safe work environment by failing to warn; failing to provide necessary and safe equipment and facilities; and failing to take appropriate actions. These are stand alone claims of negligence, depending only on the acts or omissions of the defendant. They do not sound in tort claims based on vicarious liability or negligent hiring.
 B. Worker's Compensation Statute
Another consideration relevant to the Ray court and subsequent courts considering similar issues is the fact that the employees of independent contractors generally have access to Worker's Compensation. The Ray court did not want to place employees of independent contractors in a better legal position than that in which direct employees of the principal employer would find themselves.
Examination of the Worker's Compensation statute reveals that the legislature clearly considered the role of principal employers of independent contractors in the employee-injury CT Page 13334 scenario. Connecticut General Statute § 31-291 provides, in pertinent part:
 When any principal employer procures any work to be done wholly or in part by a contractor . . . such principal employer shall be liable to pay all the compensation under this chapter to the same extent as if the work were done without the intervention of such contractor . . . The provisions of this section shall not extend immunity to any principal employer from civil action brought by an injured employee . . . to recover damages resulting from personal injury or wrongful death . . . unless such principal employer has paid compensation benefits under this chapter to such injured employee . . .
(Empahasis added.) Section 31-293(a) provides, in relevant part:
 When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer who has complied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury, the injured employee may claim compensations under the provisions of this chapter, but payment of compensation shall not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury . . .
Courts have interpreted §§ 31-291 and 31-293 of Connecticut General Statute to allow "the employee of an independent contractor . . . to bring an action in tort against any third party, other than their direct employer, and the principal employer is only immune from suit if, as General Statutes § 31-291 provides, the principal employer has in fact paid benefits to that employee under the Worker's Compensation Act for injuries suffered." Geherty v. Conn. YankeeAtomic PR, supra, quoting Gionet v. General Dynamics Corp. , CT Page 13335supra.
The plain language of the statutes clearly allows for direct tort actions against the principal employer when that employer has not paid Worker's Compensation benefits to the employee. The defendant has provided this court with no evidence that it paid Worker's Compensation benefits pursuant to Connecticut General Statutes. In fact, assertions contained in pleadings in the case indicate that the independent contractor, Wood Electrical Company, made the Worker's Compensation payments to the plaintiff. See, Motion to Intervene as Co-Plaintiff, dated May 15, 1998 and Intervening Complaint of Woods Electrical Company, dated May 15, 1998. Defendant Gilbane did not contest these allegations. It filed a Memorandum in Opposition to Plaintiff's Objection to Woods Electrical Company's Motion to Intervene arguing that the Notice sent to Woods Electrical Company was statutorily defective, not that Woods Electrical had not made the Worker's Compensation payments. Thus, this court concludes that under statutory law, the plaintiff may maintain this lawsuit against Gilbane.
II. CONCLUSION
This court concurs with the opinion articulated by Judge Teller in Geherty v. Conn. Yankee Atomic PR:
. . . [T]he policy reasons underlying the decision in Ray simply do not apply to the present case. The Ray court's analysis of the economics of workers' compensation insurance applies only when the employee's injuries are the result of conduct by the contractor, and the principal employer's liability derives from its relationship to the contractor, either vicariously or on a theory of negligence in hiring. When the employee sustains injuries as a direct result of the principal employer's conduct, those economics are of no significance. Moreover, the legislature has already addressed the scenario where the principal employer provides workers' compensation insurance benefits for employees of a contractor.
Id. CT Page 13336
A plaintiff who is an employee of an independent contractor may pursue a claim of negligence against the principal employer of the independent contractor provided the plaintiff does not assert any claims of vicarious liability or negligent hiring and provided the principal employer is not able to present evidence that it paid benefits for Worker's Compensation pursuant to Connecticut statutes.
In this case the defendant has not offered sufficient facts to support the conclusion that it is entitled to immunity from the claims made by the plaintiff. The allegations of negligence in the instant case are different from those in Ray. Therefore, that case does not provide a basis for granting this motion for summary judgment. Also, the defendant has provided no proof that it paid the Worker's Compensation benefits pursuant to Connecticut General Statutes. Therefore, it is not entitled to immunity under Connecticut statutes. Under common and statutory law the plaintiff may maintain this action. The defendants motion for summary judgment is, accordingly, denied.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT