[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT #121
 PROCEDURAL HISTORY
On June 4, 2000, the plaintiff, Steven J. Zavatkay, filed a three count complaint alleging negligence on the part of Brian Morin ("Morin"), DiPippo Plumbing and Heating, Inc. ("DiPippo"), and Charles and Doreen Marchetti ("Marchettis"). The Marchettis are owners of the premises located at Lot 6, 151 Cardinal Circle in Torrington, Connecticut, the location of the construction site of a new home (the "site"). The plaintiff alleges that he was injured on June 2, 1998, when he fell at the site. The plaintiff was employed as a deliveryman by Winnelson Plumbing and Heating. On June 2, 1998 plaintiff was delivering a tub and shower unit to the site. At the site, the plaintiff was assisting Di Pippo's employees in carrying the tub and shower unit up a staircase in the unfinished home when the plaintiff alleges he fell off the staircase and was injured.
On December 21, 2001 Marchettis, filed a motion for summary judgment as CT Page 3699 to the third count of the plaintiff's complaint. In support of their motion, they filed a memorandum of law, affidavits from the Marchettis, the contract between Morin and the Marchettis and Morin's responses to the Marchettis' request for admissions. On January 17, 2002, the plaintiff filed a memorandum in opposition to the defendants' motion for summary judgment. The plaintiff has not provided any supporting affidavits or other documentation. The court heard oral argument on January 21, 2002.
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) QSP, Inc. v. AetnaCasualty Surety Co., 256 Conn. 343, 351, 773 A.2d 906 (2001). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Miller v. United Technologies Corp., supra,233 Conn. 751-52. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Appleton v. Board ofEducation, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "`Issue of fact' encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,379, 260 A.2d 596 (1969).
The Marchettis move for summary judgment as to the third count of the plaintiff's complaint on the grounds that 1) they did not exercise control over the new construction site where the plaintiff was allegedly injured, 2) Morin was the general contractor in control of the premises at the time of the plaintiff's alleged fall and 3) they owed no duty to the plaintiff and are not liable to the plaintiff for negligence. Specifically, they argue that they did not assert control over the premises until the home was fully constructed in accordance with the terms of the construction agreement. Furthermore, the Marchettis maintain that they were not in control of the premises on the date of the alleged CT Page 3700 injury, and, therefore, they did not owe the plaintiff a legal duty. They conclude that since they owe no legal duty to the plaintiff there can be no actionable negligence.
In his opposition memorandum, the plaintiff argues that the Marchettis are not entitled to summary judgment because there is a genuine issue of material fact as to who was in control of the premises at the time of the plaintiff's injury. Specifically, the plaintiff argues that Morin denies having supervisory powers or exclusive control over the construction site. Plaintiff further contends that the contract does not specify or assign control over the construction site to anyone. In addition, the plaintiff maintains that the construction contract refers to the contractor as the owner's agent.
"The essential elements of a cause of action in negligence are well established: duty, breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co., 44 Conn. App. 657,660, 691 A.2d 1107 (1997). "[O]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Mendillo v. Board of Education,246 Conn. 456, 483, 717 A.2d 1177 (1998). "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 567, 707 A.2d 15 (1998).
"[A]n independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work." Darling v. Burrone Bros., Inc., 162 Conn. 187,195, 292 A.2d 912 (1972); Francis v. Franklin Cafeteria, Inc.,123 Conn. 320, 324, 195 A. 198 (1937). "The general rule is that where the owner of premises employs an independent contractor to perform work on them, the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work. . . . The basic premise is that the assumption and exercise of control over the offending area is deemed to be in the independent contractor." (Citations omitted.)Darling v. Burrone Bros., Inc., supra, 162 Conn. 196. Exceptions to this rule arise when "the employer retains control of the premises or supervises the work of the contractor, or where the work to be performed by the contractor is inherently dangerous, or where the employer has a nondelegable duty to take safety precautions imposed by statute or regulation. . . ." (Citations omitted.) Ray v. Schneider,
CT Page 370116 Conn. App. 660, 664, 548 A.2d 461, cert. denied, 209 Conn. 822,551 A.2d 756 (1988). The owner may exercise, however, a limited degree of control or give the contractor instructions on minor details without destroying the independent character of the contractor. See Darling v.Burrone Bros., Inc., supra, 162 Conn. 195; Welz v. Manzillo, 113 Conn. 674,679-80, 155 A. 841 (1931).
Here, the question is whether a genuine issue of material fact exists as to who had control over the construction site. "Where the evidence is such that the minds of fair and reasonable persons could reach but one conclusion as to the identity of the person exercising control, the question is one for the court . . . Darling v. Burrone Bros., Inc.,
supra, 162 Conn. 192.
The Marchettis and Morin entered into a written home construction agreement that provided that Morin, as the contractor, was to build the Marchettis' house. (Charles and Doreen Marchetti Affidavits, December 12, 2001, [Marchettis Affidavits], ¶¶ 4 5; Brian Morin's Responses to the Marchettis Request for Admissions, October 2, 2001, [Morin's Admissions], ¶ 1.)
The Custom Home Construction Agreement provides as follows:
 1. AGREEMENT TO BUILD. The Contractor hereby agrees to build said house on said Lot and Owner hereby agrees to hire Contractor to build said house in accord with the terms and conditions set forth in this Contract.
 2. CONTRACTOR'S DUTIES. The Contractor shall acquire, as Owner's agent, all materials, agrees to furnish all permits and labor and agrees to perform all the work, engage all equipment and machinery and provide all other items necessary. . . . to construct said house on said Lot in accord with the aforementioned plans and specifications, and to comply with all applicable laws and regulations.
* * *
10. RISK OF LOSS. Contractor shall obtain and maintain, at Contractor's cost, a general liability policy at the time that framing is commenced. CT Page 3702
 11. MINOR VARIATIONS AND SUBSTITUTION OF PRODUCTS. Materials may be substituted by the Contractor provided that they are reasonably equivalent in grade and quality to the materials they are substituted for and provided that they meet the qualifications of the local and state building codes. . . .
* * *
 17. NO EARLY POSSESSION. It is specifically understood and agreed that the Owner shall have no right to occupancy of the house until such time as the Certificate of occupancy shall be delivered by the contract price paid in full to the Contractor. . . .
(Custom Home Construction Agreement, Marchettis Exhibit A.)
On June 2, 1998, the construction of the Marchettis' home was ongoing and incomplete and a Certificate of Occupancy had not been issued for the premises. (Marchettis Affidavits, ¶ 6; Morin's Admissions, ¶¶ 2 
3.) At no point during the construction did Morin suspend his performance. (Marchettis Affidavits, ¶ 7.) The Marchettis took possession of their home on October 1, 1998, when a Certificate of Occupancy was issued. (Marchettis Affidavits, ¶ 8.) At no point during construction did the Marchettis assert control over the manner and means by which the interor stairs were built. (Marchettis Affidavits, ¶ 9.)
Although the contract does not explicitly provide for who had control over the premises, the essence of the contract establishes that the Marchettis had not retained control over the premises. Additionally, the use of the term "agent" in the contract does not destroy the independent character of the contractor. "The fundamental distinction between an [agent] and an independent contractor depends upon the existence or nonexistence of the right to control the means and methods of work."Darling v. Burrone Bros., Inc., supra, 162 Conn. 195-96. Here, the Marchettis did not control the means and methods of the work. The contract provides that the contractor "shall acquire . . . all materials, agrees to furnish all permits and labor and agrees to perform all the work, engage all equipment and machinery and provide all other items necessary. . . . to construct said house." (Custom Home Construction Agreement, Marchettis Exhibit A.) The contract further states that the owner was not allowed to take possession of the premises until the Certificate of Occupancy was delivered. Id. According to the CT Page 3703 contract, Morin had the right to control the means and methods of the work. The plaintiff has not offered any supporting evidence or documentation to the contrary indicating that the Marchettis retained control of the premises during the construction of the house.
 CONCLUSION
The Marchettis had no control over the site at the time of the alleged injury. Accordingly, the Marchettis do not owe a duty to the plaintiff and, therefore, as a matter of law are not liable to the plaintiff for his injuries.
The motion for summary judgment is granted.
Cremins, J.